GEORGE W. CAMPBELL, APPELLEE, v. MELCHOIR L. LUEBBEN, APPELLANT.

FILED JANUARY 9, 1911. No. 16,128.

1. Appeal: REVIEW. A new trial should not be granted where no verdict other than the one rendered would be sustained by the law and the evidence.

2. Trial: INSTRUCTIONS. The court should not submit an instruction permitting a recovery upon a state of facts not admitted by the litigants or supported by any evidence.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed with directions.*

*Robert S. Mockett,* for appellant.

*John M. Stewart, contra.*

ROOT, J.

The plaintiff prosecutes two alleged causes of action against the defendant, the first upon a written agreement by the defendant to pay the plaintiff $1,000 for 10 shares of stock in the Luebben Baler Company, and the second upon an alleged oral agreement to "take back all such stock previously purchased or thereafter purchased, and repay to plaintiff the amounts that plaintiff had paid for all such stock at any time plaintiff became dissatisfied with such investments and desired the money he had paid therefor returned." The defendant admits making the written agreement, but contends that he has not been given the notice therein provided for, and denies making the oral contract. He also pleads the statute of frauds as a defense to the second cause of action. The plaintiff prevailed upon both causes of action. The defendant appeals.

The verdict contains separate findings, one for each cause of action. In so far as the first cause of action is concerned, we are of the opinion that the verdict is sustained by sufficient evidence. Copies of letters sent by the plaintiff to the defendant in the spring of 1907, and especially the letter of April 24, 1907, should receive no other construction than that the plaintiff had requested Mr. Luebben to comply with his contract. It is true, as suggested by the defendant's counsel, that the court permitted a recovery upon the alleged oral contract for the stock involved in the first, as well as for the stock referred to in the second cause of action, but we are of the opinion that upon the pleadings and the proof no verdict other than the one returned can be sustained with respect to the first cause of action.

The defendant excepts to the sixth instruction given

by the court upon its own motion, to the effect that if "the plaintiff purchased stock in the Luebben Baler Company through the defendant, and that plaintiff was induced to make such purchase by the promise and agreement of the defendant to repurchase all stock theretofore purchased through said defendant of the Luebben Baler Company, and to repurchase all stock then or thereafter purchased pursuant to such promise or agreement to so repurchase such stock, and to make such repurchase at any time plaintiff might want the money so invested, or became dissatisfied with such investment, then you will find for the plaintiff."

The briefs contain an exhaustive argument concerning the application of the statute of frauds to the oral agreement referred to in the second cause of action, and the defendant criticizes the sixth instruction because it ignores that statute. If the testimony were undisputed that an oral promise was made by the defendant, while acting as agent for his principal, to purchase from the plaintiff the stock bought by him from that principal, the statute would necessarily be involved in this case. But we find no evidence of such a promise. The record discloses that the defendant, in connection with other individuals, incorporated the Luebben Baler Company for the purpose of manufacturing a machine intended for use in baling hay; that the corporation exchanged a considerable fraction of its stock for the patent owned by Luebben and his associates, and the remainder of that stock was placed in the corporation's treasury to be sold for the purpose of furnishing capital to the company to be used in manufacturing and selling machines. Fifteen shares of the treasury stock were sold to the plaintiff upon the corporation's promise to refund the price thus paid so soon as a certain number of its machines should be manufactured and sold. The defendant also executed the written agreement referred to in the first paragraph of this opinion. Subsequently the plaintiff became secretary of the company. He testifies that the defendant urged him to

purchase more treasury stock from the corporation, and said: "If you people are dissatisfied and want your money back, I will pay you every dollar of your money back." The plaintiff's wife and daughter corroborate his testimony with regard to the defendant's statement. If the defendant made the promise, the case may fall within the rule announced in *Trenholm v. Kloepper*, p. 236, *post*, but it is not an agreement to purchase stock. Thereafter at intervals the plaintiff purchased from the corporation treasury stock, aggregating 49 shares, for $4,900, and the corporation agreed to refund this money out of the proceeds of the sale of its machines. During this time the plaintiff was in a position to know as much about the affairs of the corporation as any other person, and purchased 170 shares of stock originally issued to one of the promoters. The plaintiff did not testify that he was induced by the defendant's promise to purchase the 49 shares of stock last acquired from the corporation.

The defendant in his testimony squarely denies having made any promise to purchase the plaintiff's stock or to pay him any money, except the $1,000 referred to in the written contract. In the state of the record, a finding by the jury for or against either party concerning the oral promise testified to by the plaintiff would be sustained by the evidence. If the testimony were not in conflict we should incline to the view that, while the instructions did not submit the facts as testified to by the plaintiff and his witnesses, the charge is not prejudicially erroneous, but, in view of the sharp conflict in the evidence, we are of opinion that the instruction should not be approved.

The judgment of the district court, therefore, is reversed and a new trial granted upon the plaintiff's second cause of action, but the court is directed to enter a judgment in the plaintiff's favor upon the verdict returned upon the first cause of action, with legal interest from the date that verdict was rendered.

REVERSED.