GEORGE W. CAMPBELL, APPELLEE, V. MELCHOIR L. LUEBBEN, APPELLANT.

FILED OCTOBER 21, 1911.   No. 17,176.

1. **Statute of Frauds:** ORIGINAL CONTRACT. "If an officer of a corporation orally promises a prospective purchaser of the corporate stock to repay the purchase price at any time and the purchaser acts upon the promise, the agreement is an original contract, and is not within the statute of frauds. The promisor does not thereby agree to answer for the debt, default, or misdoings of another person, nor does he agree to purchase goods, wares, merchandise, or things in action." *Trenholm v. Kloepper*, 88 Neb. 236.

2. **Trial:** INSTRUCTIONS. The court should refuse to give an instruction upon the theory of a party to a suit, where such theory is neither admitted by the litigants nor supported by any competent evidence.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Mockett & Peterson,* for appellant.

*Stewart, Williams & Brown, contra.*

BARNES, J.

This case is before us on a second appeal. The law of the case was settled by the judgment on the former appeal. *Campbell v. Luebben,* 88 Neb. 214. In the case of *Trenholm v. Kloepper,* 88 Neb. 236, it was said: "If an officer of a corporation orally promises a prospective purchaser of the corporate stock to repay the purchase price at any time and the purchaser acts upon the promise, the agreement is an original contract, and is not within the statute of frauds. The promisor does not thereby agree to answer for the debt, default or misdoings of another person, nor does he agree to purchase goods, wares, merchandise or things in action." We are of opinion that this rule should be applied to the facts in this case.

It appears on the second trial in the district court the issues were recast, and it was alleged in the plaintiff's amended petition, in substance, that on May 23, 1905, plaintiff purchased, through the defendant, 15 shares of the Luebben Baler Company of the par value of $1,500, and received therefor stock certificate No. 14 for $1,000, and stock certificate No. 15 for $500; that on or about the 15th day of September, 1905, defendant orally promised and agreed with plaintiff that, if plaintiff would purchase other and additional stock of the Luebben Baler Company through defendant, he (the defendant), in consideration of such purchase and payment of money therefor, would repay to plaintiff the amount that plaintiff had paid for all such stock at any time plaintiff became dissatisfied, for any reason, with such investment, and desired the money he had paid therefor returned; that, in pursuance of said promise and agreement, plaintiff purchased through defendant at different times further

and additional shares of stock of the Luebben Baler Company at the price of $100 a share, to wit: 30 shares September 25, 1905, certificate No. 17, $3,000, and 9 shares October 19, 1905, certificate No. 18, $900, and 10 shares December 16, 1905, certificate No. 31, $1,000, total $4,900; and it was alleged that the plaintiff took and paid for such stock because of said agreement with the defendant, and relying upon said promise and agreement, and that he would not have purchased said stock but for the agreement. It was alleged that the plaintiff became dissatisfied with the investment and desired the repayment of his money so paid by him to defendant, and, on or about the 1st day of January, 1907, offered to return the shares of stock to defendant, and demanded that he repay plaintiff the sum of $6,400 so paid by plaintiff as aforesaid; but defendant refused to comply with his said contract, and neglected to pay plaintiff said sum or any part thereof. The petition concluded with a prayer for judgment for the sum of $6,400, with interest thereon from January 1, 1907, and costs of suit.

Defendant's answer was a denial of each and every allegation contained in the petition, except such as were specifically admitted. It was admitted that plaintiff purchased 15 shares of the Luebben Baler Company stock on the 23d day of May, 1905. It was further stated in the answer that plaintiff purchased of the defendant 30 shares of stock on the 25th day of September, 1905, as evidenced by certificate No. 17 for $3,000, and that attached to said certificate was a written agreement of the Luebben Baler Company to repurchase said shares of stock when there should have been manufactured and sold 300 of the machines, which the company were to thereafter manufacture and sell. It was also stated that the plaintiff purchased of the Luebben Baler Company 9 shares of stock on the 19th day of October, 1905, as evidenced by certificate No. 18, and that a similar written agreement was attached to said certificate as that above described. It was further stated in the answer that plaintiff pur-

10

chased of the Luebben Baler Company 10 shares of stock on the 16th day of December, 1905, as evidenced by certificate No. 31, and that a similar written agreement was attached to said certificate; that the total amount of stock so purchased was 54 shares, and the purchase price thereof $5,400.

Other matters not material to the controversy were alleged in the defendant's answer, all of which were controverted by the reply. So that the issue tried in the district court was, whether or not the defendant agreed to and with the plaintiff, on or about the 15th day of September, 1905, that he would repay to the plaintiff the purchase price of such additional stock in the Luebben Baler Company as he should sell to the plaintiff under the terms of said agreement.

It is disclosed by the abstract and bill of exceptions that plaintiff gave his own testimony, and produced in support thereof the evidence of his wife and daughter; that his evidence and their testimony were sufficient, if believed by the jury, to sustain a finding that the defendant made the agreement to and with the plaintiff set forth in his petition. On the other hand, defendant testified that he never made any such agreement with the plaintiff; that the only agreement that ever existed between them was the one which he alleged was made on the 23d day of May, when plaintiff purchased of him the first 15 shares of the Luebben Baler stock, which was in writing. The trial resulted in a verdict and judgment for the plaintiff, from which the defendant has prosecuted this appeal.

It appears that the defendant requested the trial court to instruct the jury, in substance, that it was admitted by the pleadings and the evidence that the plaintiff, George W. Campbell, purchased from the Luebben Baler Company 54 shares of its capital stock of the par value of $5,400; that it was further admitted that the defendant, Melchoir L. Luebben, acted as agent for the Luebben Baler Company in the sale of said stock; and that, if

Campbell v. Luebben.

they found from the evidence that the defendant orally promised to repurchase said stock from the plaintiff in the event that the plaintiff should become dissatisfied with the same, such promise would not be enforceable, for the reason that it would be within the statute of frauds. This instruction was refused, and for such refusal defendant assigns error.

We think that the trial court properly refused this instruction, for the reason that it neither conformed to the issues nor was it supported by the evidence. As above stated, plaintiff's testimony tended to establish the allegations of his petition that the defendant agreed that, if the plaintiff would purchase the stock in question of him, he would repay him the amount of the purchase price at any time the plaintiff became dissatisfied with his investment. The defendant, both in his answer and by his evidence, denied that he ever made any such agreement. It thus appears that it would have been error for the district court to give the instruction requested.

Errors are also assigned for the refusal of the court to give other instructions requested by the defendant, but what has been said as to the request above described applies with equal force to all of the other instructions requested.

It is strenuously contended that the court erred in giving instruction No. 8 on his own motion, which reads as follows: "You are instructed that if an officer of a corporation orally promises a prospective purchaser of stock of such corporation to personally repay the purchase price of such stock at such time as the purchaser may become dissatisfied with the same as an investment and wants his money back, and the stock is bought in reliance upon such promise so made, such oral promise would be legally enforceable against the person making the same in his individual capacity. In such a case it would not be necessary, to entitle the purchaser to recover, that he prove any special reason for his being dissatisfied; it would be enough to show that he was in

fact dissatisfied, and did want and ask such officer for his money back." As we view the record, this instruction was a proper one. It conforms to the issue made by the pleadings and the evidence produced by the plaintiff in support thereof, and follows the rule announced in our former opinion. For those reasons, we feel constrained to hold that this instruction was a proper one.

It is strenuously contended that the trial court erred in refusing, by proper instructions, to submit the defendant's theory of his defense to the jury. On this question, it may be said that the real theory of the defense was that defendant never made the agreement upon which the plaintiff based his cause of action. That theory was properly submitted to the jury by the instructions given by the court on his own motion, and it was not error to refuse to submit defendant's contention to the jury that the agreement was within the statute of frauds, because there was nothing in the pleadings or the evidence tending to establish such a state of facts as would entitle him to have that theory submitted to the jury.

A careful examination of the record discloses no reversible error, and the judgment of the district court is

AFFIRMED.

SEDGWICK, J., concurs in the conclusion.