amazoo River, in a place where the bank had been carried away by former freshets or inundations, and that the said structure was not erected across the channel. The defence requested the Court to charge the jury " that the jury cannot convict the defendant unless they find from the evidence that the structure of plank destroyed or injured was placed across the current of the original and natural current of the river, to obstruct or prevent the natural flow of the water and along said natural channel, and that they must acquit the defendant if they find from the evidence that such planks were placed in the bank of the river to retain and fill up an opening in such bank made by former freshets and inundations and to prevent the same results from future freshets or inundations." This was refused.

*Held*, That the request should have been given, as the structure indicated was not a dam within the meaning of the statute. This structure was simply built to repair a defect in the river bank, and it was not even a part of a dam. The verdict was set aside and a *nolle prosequi* ordered entered as to the defennant, as he was entitled to acquittal on all the counts.

---

## OLIVER H. P. GREEN *vs.* WILLIAM BROOKINS.

G induced B to subscribe for shares in a patent right, and to give his note for $500, under the promise that G would find a man to take the shares and pay the amount of the note therefor. G failed to find a party to take the shares. B paid the notes, with the knowledge of G, and brought suit against G. G contended that the promise was void, under the statute that declares that every special promise to answer for the debt, default, &c., of another shall be void unless in writing ; and second that it was void under the provisions of the statute respecting the sale of goods for the price of $50 or more. *Held*, That the promise was not within either of these statutes. *Held also*, That though the payment of the note was voluntary, G's approval of such payment, was an admission that there was no defense to the note.

A general objection to the charge of the Court does not come within the rule requiring assignments of error to be special.

Error to Oakland Circuit.

*Opinion by* GRAVES, J.—Brookins sued Green to recover damages for breach of a verbal contract. The entire evidence was given

### GREEN vs. BROOKINS.

under the two special counts The first stated that Green claimed to have an interest in a hay fork patent, and was about to organize a company for the purpose of dealing in the fork and in rights under the patent, and promised Brookins that in consideration that he would become a member of the company, and take two shares at $250 each, and in payment therefor give his promissory note, such shares should not cost him anything, and that he, (Green,) as soon as the company should be organized would find a man who would buy the shares and take them off Brookins' hands and pay him the amount of the note, and that Brookins should not be put to any cost or expense on account of the shares or the note. It is then averred that Brookins, confiding in Green's promise, did subscribe for shares, gave his note for $500, etc., and that Green refused to find a man to take the shares and pay the amount of the note, and that Brookins had been required to pay it, and had so done, etc.— The second special count was substantially like the first, except that the agreement on the part of Green was laid as a promise to Brookins to indemnify and save him harmless from all damages on account of the note, if he should give it.

The requests of plaintiff raise two questions under the statute of frauds. Plaintiff insists, first, that the contract between the parties being wholly verbal, was void under that provision that declares every special promise to answer for the debt, default, or misdoing of another person, shall be void unless in writing ; and second, that it was also void under the provision respecting the sale of " goods, wares and merchandise for the price of $50 or more." The promise in this case, by Green, as alleged in the declaration, was not collateral, not an undertaking in relation to the doing or misdoing of any third person. It was a promise by Green to Brookins to find some one to take his place as member of the company, and to save Brookins from expense and damage in consequence of becoming shareholder, giving his note, etc.

*Held,* That a promise of that description is not within the statute

*Held also,* That the agreement by which Green was to find a man to take stock to be thereafter credited, in a company to be thereafter organized, was not an agreement on the part of Green to buy goods, wares or merchandise, within the meaning of the statute.

The sixth error raises the objection that this payment of the note, or part thereof by Brookins was voluntary, and, therefore, not evidence of damage under the agreement of Green to indemnify him.

*Held,* That this position is rendered untenable by the circumstance that the note was taken up by Brookins with the knowledge and approbation of Green. When Green approved of the payment he virtually admitted to Brookins that there was no ground for refusing, and if there was none, he had no defense on the ground of payment without coercion.

There was a general objection to the charge of the Court to the jury, but without specifying in what particulars it was objectionable.

*Held,* That this assignment does not come within the rule which requires every assignment of error to be special; furthermore, that the advice to the jury was quite as favorable to the plaintiff as the law of the case would justify, and as there are no errors in the same, the judgment of the Circuit Court must be affirmed with costs.

---

## THE ATLAS MINING COMPANY *vs.* JAMES R. JOHNSTON.

It is no ground of error that the Court is more cautious and strict in securing an impartial jury than the law actually requires, and for this purpose the Courts may very properly reject a juror on a ground which would not be strictly sufficient to sustain a challenge for cause.

Error to Keweenaw Circuit.

*Opinion by* CHRISTIANCY, J.—The first three alleged errors relate to the setting aside of two jurors by the Court and the excusing of a third. After the jurors had been drawn, plaintiff's counsel asked one of them whether he was a brother to defendant, to which he replied in the affirmative; also whether he had talked with his brother about the case, to which he replied, " Last night I spoke to him about it, but he would give me no answer." The Court thereupon set him aside, plaintiff's counsel not asking it. Another juror was asked by plaintiff's counsel whether he had any bias or prejudice in favor of either party, to which he replied, "I have formed some opinion," whereupon the