Hull vs. Brown.

## HULL vs. BROWN.

STATUTE OF FRAUDS; EVIDENCE; INDEPENDENT CONTRACT OF AGENT. *Oral contract of agent with purchaser, in reference to chattels sold (by contract in writing) for his principal, held valid, and evidence thereof admissible, in action against agent.*

1. Defendant, as agent of G. & S., took plaintiff's written order on his principals, for a cultivator, by the terms of which the latter were to warrant the machine, and, in case it did not answer the warranty after trial of one day, the plaintiff was to give them immediate notice thereof, and, upon their failure to make it work as warranted, was to return the machine to them and receive back his note given in payment therefor. At the same time, the defendant (who was selling the machines upon commission, and was desirous of introducing them into plaintiff's neighborhood), for the purpose of securing such order, gave plaintiff his own oral promise, that if the machine did not prove satisfactory upon trial, plaintiff might return the same to the railroad station, and he would give back the note payable to G. & S., which plaintiff was to execute upon delivery of the machine, or reimburse him in case he were obliged to pay it. *Held,*

   (1) That such oral promise of the defendant was not void by the statute of frauds as being an undertaking to answer for the debt, default or miscarriage of another, but was an original, independent contract of defendant, made for a valuable consideration.

(2) That in an action against the agent to recover the amount of such note, paid by the plaintiff, parol evidence to establish such oral undertaking has no tendency to contradict, vary or add to the terms of the written contract between plaintiff and G. & S., and does not come within the rule on that subject; although it would have been inadmissible in an action against G. & S. for a breach of their contract.

(3) That such an action is not an attempt to hold an agent liable for the default of his principal upon a contract made within the scope of the agent's authority, but is based on the agent's own independent contract.

2. The questions whether defendant entered into such independent oral undertaking, and whether there had been a breach thereof, having been fairly submitted to the jury upon competent evidence, their verdict in plaintiff's favor is conclusive of his right to recover.

APPEAL from the Circuit Court for *Rock* County.

This action was originally brought and tried in justice's court, where plaintiff obtained a judgment, from which defendant appealed to the circuit court.

The complaint alleges that in April, 1870, the plaintiff purchased of the defendant one of Gunnison & Sherman's broadcast sowers and cultivators, and, at defendant's request, authorized one James Hull to sign an order for the same; that he gave his note therefor payable to Gunnison & Sherman, for the sum of seventy-five dollars and interest, upon the express agreement made with defendant, that in case the machine did not do good work, or did not suit him, he was to return it to the railroad station and notify defendant, and the latter was then to return to him his note given therefor, or, in case it had been transferred to other hands, was to pay the same himself, or reimburse plaintiff in case he were obliged to pay it; that the machine did not work as represented, and that he returned it to the station, notified the defendant, and demanded the return of his note, which was refused; and that afterward, upon the maturity of the note, he was obliged to pay it himself, defendant having refused to do so upon request.

Answer, a general denial; also, that the sale was by written

contract, in making which the defendant acted as agent, within the scope of his authority as such, and that he was not a proper party to the action.

Upon the trial, it was proved that at the time of the sale a written order for the machine was signed in the name of the plaintiff, by his direction, of which the following is a copy: " Please deliver to me at Lima Station, on or before the 6th day of April, 1870, one of your Northwestern Broadcast Sow ers and Cultivators, for which I agree to pay to your order, besides freight on presentation of this warranty on delivery of machine, seventy-five dollars, payable to your order at Lima, with interest at ten per cent. per annum till paid. Due the first day of November next. Said machine warranted to be well made, of good material, and to do as good work with proper management as any machine used for the same purpose; and if, after a trial of one day, said machine does not so perform, I will give immediate notice to you or your agent, and if you or he fail to make it work as warranted, I will return the machine immediately to you or your agent, free of charge, and receive the money or notes given in payment for the seeder.

[5 ct. stamp.]                    SAMUEL HULL.

To Messrs. Gunnison & Sherman, Milwaukee, Wis."

Plaintiff, and also his brother, who signed for him the written order, testified that such order was given at the request of the defendant, and upon his representation that it was necessary in order to get the machine. They also testified, under objection, to an oral agreement made at the same time, with the defendant personally, which was substantially as set forth in the complaint.

At the close of plaintiff's case, the defendant moved for a nonsuit, upon the grounds that the plaintiff had shown no contract with the defendant; that the case was within the statute of frauds, as an agreement to answer for the debt or default of another; and that there was a written contract, which plaintiff

Hull vs. Brown.

had ignored but could not contradict. The motion was de
nied.

The judge in his charge submitted the case to the jury upon
the questions whether there was an oral contract with the de-
fendant himself, separate and distinct from the written one
already alluded to; and, if so, whether the testimony estab-
lished a breach thereof. Verdict and judgment for the plaint-
iff; and defendant appealed.

*Bennett & Sale*, for appellant:

1. The testimony established a written contract between plaint-
iff and Gunnison & Sherman, and yet plaintiff was permitted to
do away with this entirely by proof of an oral contract made at the
same time and in respect to the same subject matter. This was
error. *Cooper v. Tappan*, 4 Wis., 362; *Groat v. Palmer*, 7 id.,
338; *Gregory v. Hart*, id., 532; *Sigerson v. Cushing*, 14 id.,
527; *Burhans v. Johnson*, 15 id., 286; *Heath v. Van Cott*, 9 id.,
516; *Erwin v. Saunders*, 1 Cow., 249; *Payne v. Ladue*, 1 Hill,
116; *Brown v. Hall*, 1 Denio, 400; *Blake v. Coleman*, 22 Wis.,
415; *Pierson v. Hooker*, 3 Johns., 68; *Goodell v. Smith*, 9 Cush.,
592; 1 Greenl. Ev., §§ 275–6; *Preston v. Merceau*, 2 W. Bl.,
1249; *Coker v. Guy*, 2 Bos. & Pul., 568; *Bayard v. Malcolm*, 1
Johns., 467. 2. There was no pretense of *mistake* in the writ-
ten contract, nor was the evidence sufficient to sustain such a
claim. *Wells v. Ogden*, 30 Wis., 637. 3. The contract relied
on by plaintiff was an undertaking by defendant to answer for
the default of his principals, and, not being in writing, was
void by the statute of frauds. R. S., ch. 107, sec. 2, subd. 2.
4. The defendant, acting as an agent and within the scope of his
authority, bound his principals, and did not bind himself.
*Stockpole v. Arnold*, 11 Mass., 27; Story on Agency, §§ 260–63.

*T. D. Weeks*, for respondent:

1. Though, as a general rule, an agent is not personally liable
upon contracts made by him within the scope of his agency,
yet where it clearly appears that he intended to bind himself

personally, he will be bound.    *Hall v. Lauderdale*, 46 N. Y.,
70 ; 22 Wend., 244; *La Farge v. Kneeland*, 7 Cow., 456.    The
question whether or not the defendant did make such · a con-
tract with the plaintiff, was fairly submitted to the  jury upon
·the evidence, and they found in the affirmative.    2. Plaintiff's
written order, if a contract at all, was one between himself and
·Gunnison & Sherman, and was satisfied by his payment of the
note.    The contract with defendant was a separate and distinct
undertaking, and testimony to establish it was admissible.   2
·Phill. Ev., 671, 682 ; *Garrett v. Handley*, 4 Barn. & Cress., 664 ;
*Bateman v. Phillips*, 15 East, 272.    3. The obligation assumed
by defendant was not an undertaking to answer for the debt or
default of another, within the  meaning of the statute of frauds.
To come within that statute, the promise must be made prima-
rily *for that purpose*, and not to subserve some  private business
or pecuniary purpose of the promisor, involving benefit to him-
self or  damage  to  the  other  contracting party.    Browne on
Frauds, 247 ; *Emerson v. Slater*, 22 How. (U. S.), 28.    Defend-
ant's promise was an agreement with the debtor himself to pay
his debt upon the happening of certain contingencies.    It was
a contract of  indemnity against liabilities which the plaintiff
was thereby induced to assume, and is not within the  statute.
Throop on Verbal Agreements, 474, §§ 445, 457, 467 ; *Aldrich
v. Ames*, 9 Gray, 76 ; Browne on Frauds, § 188 ; *Shook v. Van
Mater*, 22 Wis., 532 ; *Vogel v. Melms*, 31 id., 306.

COLE, J.    There can be no doubt about the  correctness of
the legal proposition stated in the  brief of  counsel for  the de-
fendant, viz : that parol testimony is inadmissible to vary, con-
tradict or add to a contract which has been  reduced to writing,
and that, in the absence of all allegation of  fraud or mistake,
it will be presumed that  the written agreement expresses the
final intention of the parties upon the subject matter of the con-
tract.    It is needless to remark that this rule of evidence is ele-
mentary.    And therefore it is entirely clear, that if  the plaint-

iff had .brought an action against Gunnison & Sherman, he would be bound to show a breach of the written contract set out in the answer, in order to recover. In that case, the written order would prevail over any verbal contract claimed to have been made by the plaintiff with their agent contemporaneous with the giving of this order. But the plaintiff is not seeking to recover upon a contract made with Gunnison & Sherman, but upon one made with the defendant personally, upon which the latter alone is liable. It is the individual obligation of the defendant which the plaintiff seeks to enforce; consequently the rule above alluded to can have no application. ·Whether or not the plaintiff made the parol contract with the defendant as he claims, was a question of fact upon the evidence. And as the jury found in favor of the plaintiff on that issue, that the contract was made with the defendant personally and not with him as agent of Gunnison & Sherman, all inquiry upon that point is foreclosed. It may also be remarked that the attempt is not to hold the agent liable for the default of his principals upon a contract made within the scope of the agent's authority, and the law of principal and agent cannot enter into the case under the verdict. These observations bring us to a consideration of the question whether the defendant's undertaking was void under the statute of frauds.

It is claimed that the promise of the defendant was really an agreement to answer for the default of the manufacturers of the cultivator, Gunnison & Sherman, and, not being in writing. expressing the consideration, was void. A careful examination of the facts of the case, as found by the jury under the instructions of the court, will show that .this view is incorrect.

According to the plaintiff's version of the transaction, he dealt with the defendant as the real party to the contract; bought the cultivator of him, giving, at the time the machine was delivered, his note for the purchase money, which note was made payable to the order of Gunnison & Sherman, upon the distinct agreement and promise of the .defendant, that if the

machine did not upon trial prove satisfactory, or answer the recommendation, the plaintiff should return it to the railroad station, and the defendant would give him back the note, or reimburse him in case he was obliged to pay it.   This was doubtless the contract which the jury found was entered into between the parties.   And it seems to us very evident that this was not a promise by the defendant to answer for the default of another, but was an original undertaking made upon a valuable consideration.   It was in the nature of a contract of indemnity, a promise to the plaintiff to return his note if the machine did not work to his satisfaction, or relieve and save him harmless from the payment of it himself.   There is no ground for saying that Gunnison & Sherman had entered into any such contract, or had undertaken to perform any such duty.   The contract of the defendant was not collateral to any liability which they had assumed.   By their contract, they, in substance, warranted the machine to be well made, of good material, and to do as good work with proper management as any machine used for the same purpose; and if, after a trial of one day, the machine did not so perform, upon the plaintiff's giving immediate notice to them or their agent, if they failed to make it work as warranted, on the immediate return of the machine to them free of charge, they agreed to return the money or note given in payment for the machine.   By the defendant's contract, as found by the jury, if the machine did not on trial work to plaintiff's satisfaction, the latter had the right to return it to the railroad station, when the defendant was to deliver him his note, or save him harmless from its payment, or pay the note himself.   The defendant and Gunnison & Sherman were not concurrently liable for the same default, debt or miscarriage.   If the machine did not do good work after a trial of one day, with proper management, immediate notice was to be given Gunnison & Sherman, and if they failed to make it work as warranted, then the machine was to be returned, and the note or money given for it was to be restored.

This is quite different from the defendant's contract, who stipulated for no notice, nor any time of trial. The duty which Gunnison & Sherman undertook to perform in respect to the machine was not the same as that which the defendant assumed, and the contract of the latter, in no just sense, was a promise to answer for the debt, default or miscarriage of another, within the statute. It was, as we have said before, an original undertaking, made upon a valuable consideration and to subserve the business or pecuniary purposes of the defendant. It appears that he was selling these machines on commission for the manufacturers, and he says he "wanted to place one in that corner of Johnstown," in order, doubtless, to bring them to the notice of the farmers in that neighborhood. And he was willing, if the plaintiff would purchase the machine of him, in the event it did not prove satisfactory on. trial and should be returned, to indemnify the plaintiff against the liability on the note executed to Gunnison & Sherman, and to relieve him from its payment in case he could not restore the obligation. It was a primary liability, and is quite analogous in principle to the contract entered into in *Vogel v. Melms,* 31 Wis., 306; *Young v. French,* ante, p. 111; *Aldrich v. Ames,* 9 Gray, 76, and that class of cases. See also *Mountstephen v. Lakeman,* Law Reports, 7 Q. B., 196. The jury having found that the defendant made the contract as claimed by the plaintiff, we think it was an original, independent liability, and cannot be deemed collateral to the undertaking of a third party. This view disposes of the case.

*By the Court.* — The judgment of the circuit court is affirmed.