[Civ. No. 130.   Second Appellate District.—December 13, 1905.]

## S. GURWELL, Appellant, v. A. J. MORRIS, Respondent.

STATUTE OF FRAUDS—TIME OF PERFORMANCE OF CONTRACT—PURCHASE OF STOCK—PRIOR PROMISE TO REPURCHASE—DATE OF CONTRACT.— An oral promise made May 1, 1902, that if plaintiff would subscribe for and purchase stock in a corporation, and should not be satisfied with his investment at the end of a year, defendant would repurchase the same and pay to plaintiff all moneys expended by him, on demand, one year from the date of purchase, was a mere pollicitation, not amounting to a contract, until the purchase was made June 16, 1902, and such contract was to be performed on June 16, 1903, within one year from its date, and was not within the statute of frauds, as not to be performed within one year from the making thereof.

ID.—ORAL CONTRACT TO PURCHASE BEYOND TWO HUNDRED DOLLARS— EXECUTED CONSIDERATION—ORIGINAL CONTRACT.—The oral contract was not to purchase stock of greater value than two hundred dollars within the statute of frauds.   The consideration of the defendant's promise to repurchase the stock was not the sale of it, but its purchase by the plaintiff, which was carried into execution, and the transfer of the stock was a mere condition of defendant's promise, and merely incidental thereto; and the contract was an original contract, not within the statute of frauds.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Patterson Sprigg, for Appellant.

Mills & Hizar, for Respondent.

SMITH, J.—The case as presented by the complaint is as follows: The defendant, on or about May 1, 1902, was president and general manager of the San Diego Packing Company, a corporation, and "as an inducement and as the consideration for plaintiff to take five shares of the stock of said company, defendant promised and agreed to and with the plaintiff that if he would subscribe for and purchase from said company five shares of said stock at its par value, . . . and was not satisfied with said investment at the end of a year, that he (defendant) would repurchase said five shares of stock from plaintiff and pay him on demand, one year from said date of purchase of said stock, the full sum of money paid out and expended by him for and on account of the purchase of said stock, and any and all moneys paid by plaintiff on account of assessments," etc. The plaintiff, relying upon the promise of the defendant, on June 16, 1902, purchased five shares of stock of the company, and paid therefor the sum of $500, and afterward, about March 23, 1903, paid the further sum of $50 for assessments, and thereafter, on June 16, 1903, he tendered to the defendant said five shares of stock, and demanded of him the said sum of $550, etc. These and other allegations were denied, and the case went to trial, but on objection of the defendant, oral evidence in proof of the alleged agreement was excluded by the court and a nonsuit granted. In support of this ruling, it is contended by the respondent that the contract was void under the statute of frauds, for the reasons: (1) That it was "not to be performed within a year from the making thereof"; and (2) that the contract was to purchase goods, wares, and merchandise of greater value than $200. And in support of these positions section 1973 of the Code of Civil Procedure, and section 1739 of the Civil Code, are cited.

But as to the first contention, it is clear that it cannot be sustained. The time for the performance of defendant's promise was within a year from the sixteenth day of June, 1903, which is to be taken as the date of the contract. Prior to that time there was no contract, but a pollicitation only from the defendant. (Holland's Jurisprudence, 196.) The second point, we think, is also untenable. The consideration of the defendant's promise was not the sale of the stock, but its purchase by the plaintiff, which was carried into execution; and the transfer of the stock contemplated was a mere condition of the defendant's promise, and therefore merely incidental. The case is in principle the same as that of *Kilbride* v. *Moss*, 113 Cal. 432, 54 Am. St. Rep. 361, 45 Pac. 812, and no substantial distinction can be made between the two cases. This conclusion is also supported by the decision in *Green* v. *Brookins*, 23 Mich. 48, [9 Am. Rep. 74], which seems to be directly in point, and with the reasoning of which we are entirely satisfied.

The judgment is reversed, and the cause remanded for further proceedings.

Gray, P. J., and Allen, J., concurred.