BELLE S. TRENHOLM, APPELLEE, V. WILLIAM KLOEPPER, APPELLANT.

FILED JANUARY 9, 1911.   No. 16,503.

1. Statute of Frauds: ORIGINAL CONTRACT. If an officer of a corporation orally promises a prospective purchaser of the corporate stock to repay the purchase price at any time and the purchaser acts upon the promise, the agreement is an original contract, and is not within the statute of frauds. The promisor does not thereby agree to answer for the debt, default or misdoings of another person, nor does he agree to purchase goods, wares, merchandise or things in action.

2. Corporations: SALE OF STOCK: ESTOPPEL. And in such a case the purchaser is not estopped from maintaining her action because, intermediate the date of her purchase and the day she requested the promisor to perform, she surrendered her certificate to the corporation and received in lieu thereof another certificate representing her original purchase, and a stock dividend.

3. Trial: INSTRUCTIONS. Where the law is not misstated by the trial court, but a legal proposition germane to the principles of law announced is not included in the instructions, a party will not be heard to complain if he did not submit to the trial court an instruction containing the proposition omitted as aforesaid.

4. Appeal: SPECIAL FINDINGS: DISCRETION OF COURT. "Interrogatories for special findings may be submitted to the jury or refused in the discretion of the trial court, and unless there has been an abuse of discretion in that regard, the ruling will not be disturbed." *Murphy v. Gould*, 40 Neb. 728.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*George W. Berge*, for appellant.

*T. J. Doyle* and *G. L. De Lacy*, contra.

ROOT, J.

The plaintiff alleges in her petition that in January, 1905, she bought from the defendant ten shares of the capital stock of a corporation; that to induce her to make said purchase the defendant orally agreed to pay to her

upon demand the amount of money she should pay for said stock; that she has requested the defendant to pay said money, but he refuses, etc.   The defendant denies the alleged agreement, and pleads the statute of frauds and an alleged estoppel.   Plaintiff prevailed, and the defendant appeals.

1. The argument of counsel goes largely to the application of the statute of frauds to the transaction testified to by the plaintiff.   The defendant testified in substance that in his negotiations with the plaintiff he acted solely as an agent of the corporation.   It appears from the plaintiff's evidence that she is a widow; that during her husband's lifetime the plaintiff and the defendant were neighbors and friends; that subsequent to her husband's death the defendant suggested to the plaintiff that she purchase stock in the Lincoln Transfer Company, a corporation.   The plaintiff testified: "I told Mr. Kloepper that I would not put my money into stock unless I could get it out when I needed it; that I did not have the money to spare to leave my money in there any length of time, not any great length of time, and he said any time I notified him and gave him three or four months' notice I could have my money."   The plaintiff further testifies that in purchasing the stock she relied upon the defendant's statement that he would pay her the money if requested so to do.

The transaction, as we view it, is not within the statute of frauds.   The agreement is not to answer for the debt, default or misdoings of the corporation, or of any other person, nor to purchase the stock sold to Mrs. Trenholm, but is an original undertaking on the part of the defendant that, if the plaintiff will purchase and pay for the stock, he will thereafter, upon a contingency, pay her a definite sum of money.   On the plaintiff's part, the contract was fully executed, and the defendant cannot escape the consequences of his undertaking because he did not own the stock purchased in reliance upon his promise. *Moorehouse v. Crangle,* 36 Ohio St. 130; *Kilbride v. Moss,*

113 Cal. 432. The fact that the plaintiff is willing to transfer her stock to the defendant does not transfer his contract into one of bargain and sale.

2. After the certificate was issued to the plaintiff, the corporation increased its capital stock and a stock dividend was declared by those in control of its affairs. The plaintiff, in common with the other stockholders, returned her certificate of stock and received a certificate including the shares she purchased and those issued as a dividend. Counsel argue that plaintiff is thereby estopped from maintaining this action. We are not advised that the defendant changed his position by reason of the facts just referred to. If the dividend is of any value, the plaintiff has offered him not only the stock she received in the first instance, but accumulated dividends as well, so that he will be benefited rather than injured by the facts pleaded as an estoppel.

3. The defendant argues that instruction numbered 5 is erroneous because it assumes that the plaintiff purchased the stock in question from the defendant, and not from the transfer company. Whether the plaintiff purchased the stock from the defendant or from the corporation is immaterial. The material element is the defendant's promise to pay the plaintiff upon demand should she purchase the stock and subsequently become dissatisfied with her bargain. If, however, we grant, for the sake of the argument, that the ownership of the stock before it was transferred is a material element in this case, the instruction does not misstate the law. The defendant did not by a proper instruction challenge the judge's attention to the principle of law now contended for. The defendant, therefore, will not be heard to complain in this court. *Gettinger v. State,* 13 Neb. 308; *Barr v. City of Omaha,* 42 Neb. 341; *Chicago, B. & Q. R. Co. v. Oyster,* 58 Neb. 1.

4. The court refused to submit certain interrogatories for special findings tendered by the defendant. The giving or refusing to give such interrogatories rests in the sound

judicial discretion of the trial court, and, unless there has been an abuse of that discretion, the ruling will not be reversed. *Floaten v. Ferrell*, 24 Neb. 347; *Murphy v. Gould*, 40 Neb. 728. Had the jury answered the interrogatories as counsel suggest they should have been answered, the findings would not be inconsistent with the general verdict, so that the defendant was not prejudiced by the action of the district court. The instructions tendered by the defendant and refused by the court are framed upon the theory that the statute of frauds is a defense to this action. Having held to the contrary, we further hold that the court did not err in refusing to give those instructions.

Upon the entire record, we are satisfied that the defendant has had a fair trial, and that the verdict is sustained by the evidence and the law. The judgment of the district court, therefore, is

AFFIRMED.