LINGELBACH, Respondent, vs. LUCKENBACH and others, Appellants. [Three cases.]

*January 7—February 4, 1919.*

*Statute of frauds: Oral contract by selling agent to repurchase corporate stock: Contract of indemnity: False representations: Laches.*

1. Where an officer of a corporation, acting as its agent, sold stock therein and received a commission on the sales, and at the same time orally agreed that if the purchasers became dissatisfied or if the statements made by him should be found to be untrue he would individually purchase the stock from them at the price they paid therefor, such oral contract was valid as a contract of indemnity and was not within the statute of frauds.

2. In actions by the purchasers against such agent for breach of the contract to repurchase, brought within a reasonable time after they discovered the falsity of his statements and after they became dissatisfied, a recovery is *held* not to be barred by laches, although the implicit confidence which plaintiffs had in defendant had lulled them into security and the belief that his statements were true and had prevented as speedy and thorough an investigation as would otherwise have been made.

3. Time alone is not the essence of laches, but every case must be determined on its own facts.

APPEALS from judgments of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

These are appeals from three separate judgments. The actions were commenced separately and tried together and three separate judgments entered. The original complaint of *Minnie Lingelbach* sets forth false and fraudulent representations relied upon by the plaintiff respecting stock which

the defendant had for sale in a corporation known as the Home Stores Company. The complaint was amended by adding the following:

"That if the said defendant *A. H. Luckenbach* could procure any of the shares of the capital stock for plaintiff that he would be glad at any time to repurchase the same from her for the same price that she would pay therefor."

The complaints of *Charles Lingelbach* and *Sigmund Lingelbach* were substantially the same in all material respects as the amended complaint of *Minnie Lingelbach.* The complaints also contained an allegation that the defendant *A. H. Luckenbach* had organized a corporation known as the *Luckenbach Realty Company* to which he transferred his property to defraud his creditors.

The answer interposed by each defendant denies generally the allegations of the complaints except as to the incorporation of the Home Stores Company and the *Luckenbach Realty Company,* and also admits the relationship of the parties.

The actions were tried by the court, findings of fact and conclusions of law made, and judgment ordered for each plaintiff separately. The court found that all the representations concerning the stock of the Home Stores Company were false and known by the defendant *A. H. Luckenbach* to be false, and were relied upon by plaintiff; that at the time of the sale of stock to the plaintiffs said *A. H. Luckenbach* individually and for a valuable consideration contracted with the plaintiffs to purchase the shares of the capital stock from plaintiffs at the price they had paid therefor, if the plaintiffs became dissatisfied with the purchase, or if the statements made by said *A. H. Luckenbach* should be found to be untrue; that the defendants *A. H. Luckenbach* and *Katherine S. Luckenbach* caused the incorporation of the *Luckenbach Realty Company,* one of the defendants, and transferred certain real estate owned by *A. H. Luckenbach* to said company, which transfer was made in fraud of the rights of the

plaintiffs; that the plaintiffs on or about the 14th day of July, 1915, became dissatisfied with the purchase of said stock and aware of the falsity of said statements and tendered to said *A. H. Luckenbach* the shares of stock and demanded payment of the amounts paid therefor, and deposited the stock with the court in pursuance of said tender, and that plaintiffs brought action within a reasonable time after the discovery by them that the statements made by the defendant *A. H. Luckenbach* were false.

As conclusions of law the court found that the defendant *A. H. Luckenbach* was indebted to the plaintiffs in the respective sums paid for the stock, with interest, and that execution might be had against the real estate held by the *Luckenbach Realty Company,* and that upon payment of the judgments the clerk of the court deliver to said *A. H. Luckenbach* said shares of stock, and ordered judgment directing that said *A. H. Luckenbach, Katherine S. Luckenbach,* and the *Luckenbach Realty Company,* its officers and agents, be enjoined from selling, conveying, incumbering, or disposing of its real estate. Judgment was entered accordingly.

Counsel for defendants requested several findings, which were refused, and filed exceptions to the refusal to give the findings as requested, and also filed exceptions to the findings made.

For the appellants there was a brief by *John B. Chase* and *Classon & Whitcomb* of Oconto, attorneys, and separate briefs by *S. D. Hastings* of Green Bay, of counsel; and the cause was argued orally by *Mr. A. V. Classon* and *Mr. Chase.*

For the respondents there was a brief by *Bohmrich & Gabel* of Milwaukee, and oral argument by *Louis G. Bohmrich.*

KERWIN, J. The theory of the respondents is that they were induced to purchase the stock in the Home Stores

Company upon the false and fraudulent representations of the defendant *A. H. Luckenbach* to the effect that the stock was of great value and was, in fact, of higher market value than its face; that the merchandise sold by said company was sold at a profit of 100 per cent.; that the investment in the stock was an excellent undertaking which had never paid less than ten per cent. dividends; that said *A. H. Luckenbach* had invested a large amount of cash in said stock; that he was not personally interested in the sale of the stock; that the Home Stores Company was in excellent financial condition; that several parties, naming them, had invested large amounts in the stock; that defendant *A. H. Luckenbach* would repurchase the shares of capital stock from plaintiffs at the price they had paid therefor if they became dissatisfied with the purchase or if the statements made by *A. H. Luckenbach* to plaintiffs should be found to be untrue. The representations were found by the court below to be untrue, and further that the defendant *A. H. Luckenbach* had refused to repurchase the stock although it had been tendered back and due demand made by the plaintiffs.

1. Point is made by appellants that there was an election of remedies by plaintiffs in their original complaints and amended complaints to proceed for rescission of the contract, and that, the plaintiffs having elected to rescind, they are bound by such election, and the court was therefore precluded from rendering judgment for damages. The record does not support this contention. The pleadings and notice served by plaintiffs before action was brought fully support the judgment entered, and show that the recovery sought by plaintiffs was the money paid by them in pursuance of the promise made by the defendant *A. H. Luckenbach* to take the stock off their hands at any time they became dissatisfied with it.

2. It is contended that the findings are not supported by the evidence and that the court should have made the findings requested by appellants. We are satisfied that the find-

ings made fully cover the issues raised in the case and that no error was committed in refusing to make the findings requested. We are also convinced that the findings made are supported by the evidence. It appears from the evidence that for many years prior to the time of the sale of the stock in question the plaintiffs and defendants *A. H. Luckenbach* and *Katherine S. Luckenbach* were close, intimate friends, and that each had implicit confidence in the honesty and integrity of the other; and it is quite clear from the record that the plaintiffs relied with confidence upon all the statements and representations made by the defendant *A. H. Luckenbach,* and that the representations were false.

3. It is further contended by appellants that plaintiffs were guilty of laches, which bars recovery in this action. It is doubtless true that the implicit confidence which the plaintiffs had in defendants lulled them into security and the belief that the statements of *Luckenbach* were true and prevented as speedy and thorough investigation of the situation as would otherwise have obtained had no such confidence been reposed. The court below found that the actions were brought within a reasonable time after discovery by plaintiffs that the statements made to them by defendant *A. H. Luckenbach* were false and after they became dissatisfied.

As stated by appellants in their brief, "time alone is not the essence of laches, but every case must be determined on its facts." *Foote v. Harrison,* 137 Wis. 588, 119 N. W. 291. There is no fixed time necessary to bar a suitor in a court of equity. *Likens v. Likens,* 136 Wis. 321, 117 N. W. 799; *Bur v. Bong,* 159 Wis. 498, 150 N. W. 431. We are satisfied that the findings of the court below under this head cannot be disturbed.

4. It is also contended that the agreement to repurchase the stock is void because not in writing. This question is discussed by the court below in an opinion in the record, and also by Hon. S. D. Hastings, of counsel for appellants. This

question is not free from difficulty. Counsel for appellants rely upon cases in this court and some in other jurisdictions. We are of opinion, however, that the point must be resolved in favor of the respondents upon the authority· of cases in this court. Upon the established facts in this case *A. H. Luckenbach,* vice-president of the Home Stores Company, sold to the respondents shares of stock of the Home Stores Company and received a commission upon said sales, and as a part of said contract of sale agreed to repay the purchase price upon return of the stock.

We think the instant case is ruled by *Hull v. Brown,* 35 Wis. 652, upon the doctrine that the contract between the agent and the buyer is in the nature of a contract of indemnity, which is neither a contract for the sale of goods, wares, and merchandise, nor a contract to answer for the debt, default, or miscarriage of another, hence not within the statute of frauds. The facts in the case of *Hull v. Brown, supra,* are quite similar to the facts in the instant case. Brown as the paid agent, upon a commission basis, of Gunnison & Sherman, by written agreement sold a mower to Hull. As an inducement to Hull to make the contract Brown individually promised orally that if upon trial the machine was not satisfactory he might return it, and Brown was then to return the note, pay it himself, or reimburse or pay back to Hull the amount Hull had paid. Point was made that the contract was within the statute of frauds and could not be proved by oral evidence. This court said in speaking of the agreement:

"It was in the nature of a contract of indemnity, a promise to the plaintiff to return his note if the machine did not work to his satisfaction, or relieve and save him harmless from the payment of it himself. . . . It was, as we have said before, an original undertaking, made upon a valuable consideration and to subserve the business or pecuniary purposes of the defendant."

Other Wisconsin cases do not seem to be out of harmony with the above doctrine. In *Vohland v. Gelhaar,* 136 Wis.

75, 116 N. W. 869, the plaintiff brought action to enforce an oral agreement by which the defendant promised to repurchase from the plaintiff shares of mining stock. At the time of making the agreement 600 shares of stock were sold by defendant to plaintiff for fifty cents per share. The defendant claimed that the contract to repurchase was void because within the statute of frauds. This court said:

"If the agreement to sell and the promise to repurchase are parts of the same transaction there is but one entire contract, for which the consideration was paid and under which the property was delivered, and consequently the statute of frauds has no application. . . . The agreement to purchase the stock by the plaintiff upon the consideration stated, and the promise to take back the stock at an advanced price, being parts of an original and entire contract, constituted a conditional sale, and the delivery of the shares and the payment of the purchase price satisfied the statute of frauds, and the plaintiff is entitled to recover the amount agreed to be paid by the defendant upon a return of the stock."

To the same effect is *Hankwitz v. Barrett,* 143 Wis. 639, 128 N. W. 430. In *Cooper v. Huerth,* 156 Wis. 346, 146 N. W. 485, the defendants as paid agents of a corporation sold an automobile to the plaintiff pursuant to a written contract, and at the time of sale defendants orally agreed that if the machine was not satisfactory it was to be returned and the notes given in payment thereof returned. This court said:

"That it was perfectly competent for defendants, though acting as agents, to bind themselves by a contract entirely outside the scope of their agency, and for the purpose of promoting their business as agents, there can be no doubt. *Hull v. Brown,* 35 Wis. 652. The evidence tended to show that such a contract was made. The jury intended to find that such a contract was made. . . . It follows that judgment should have been awarded to plaintiff on the verdict."

*Korrer v. Madden,* 152 Wis. 646, 140 N. W. 325, is relied upon by appellants, but the controlling question in the

case at bar was not decided in that case. There the plaintiff purchased directly from the Church Furnishing Company, and at the same time the defendant, who was not an agent or officer of said company, made an entirely gratuitous oral statement to the plaintiff that if she ever became dissatisfied with any of the stock purchased from the company he would repurchase the same from her. The court said:

". . . It is unnecessary to consider whether, if defendant had acted as the agent of the corporation in making the sale, and as part of the contract had entered into an individual agreement to repurchase the stock, such individual promise would be within the statute of frauds."

See, also, *Trenholm v. Kloepper*, 88 Neb. 236, 129 N. W. 436, and *Clement v. Rowe*, 33 S. Dak. 499, 146 N. W. 700. In the latter case the defendant as agent of a corporation orally agreed with plaintiff that if he would convey certain land owned by him to said company in payment for preferred stock and the company should fail to pay annually a seven per cent. dividend on said stock, the defendant would, upon the surrender of such stock, pay to plaintiff $16,000. The court said:

"It is manifest from an inspection of the complaint that the facts in this case do not bring the oral contract sued upon within the provisions of sub. 4 of said section, and consequently the appellant's third contention is unavailing. . . .

"But if it be considered that Rowe, as secretary of the medicine company, was acting for the company in making the sale of the shares of stock, nevertheless the promise to repurchase was his own promise. In this view, which is the one most favorable to the defendant, the promise to repurchase would partake of the nature of an oral contract of indemnity. Such a contract is almost universally held to be essentially an original contract."

We are of opinion that the agreement of the defendant to repurchase the stock was not void because not in writing, but

was valid as a contract of indemnity, and that the judgments below should be affirmed.

*By the Court.*—The judgments are affirmed.