PETER PYSKOTY *vs.* STANISLAUS SOBUSIAK.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., HAINES, HINMAN, BANKS and JOHN RUFUS BOOTH, Js.

Argued January 16th—decided March 2d, 1929.

*Charles S. Hamilton,* with whom, on the brief, was *Morris M. Wilder,* for the appellant (defendant).

*Benjamin Slade,* for the appellee (plaintiff).

HINMAN, J. The complaint alleged that on September 4th, 1924, the defendant agreed with the plaintiff that if he would purchase certain shares of stock in a corporation in which the defendant was interested as an officer and stockholder, the defendant would, at any time within one year, if the plaintiff became dissatisfied and returned the stock to the defendant, return to him the purchase price, $2,000; that the plaintiff purchased the stock, became so dissatisfied and tendered the stock to the defendant and demanded the return of the $2,000, but the defendant refused to comply with the demand. The defendant joined issue upon the allegations of the complaint and, as a second defense, pleaded that a written contract (Exhibit C), annexed thereto, set forth the entire agreement concerning the purchase of the stock. This writing was signed by the defendant, the plaintiff, and one Ralph Montefiore, and stated that Montefiore and Sobusiak owned a majority of the outstanding capital stock of The Sterling Art Lamp Company, Incorporated; that in consideration of the purchase by Pyskoty of eighty shares of the stock of the corporation for $2,000, Montefiore and

Sobusiak agreed to vote their stock for the election of Pyskoty as a director and to cause him to be employed at the same wages as themselves; and the three agreed that they would vote their stock as a unit for the best interests of the corporation. The plaintiff admitted the execution of the contract, but denied the other allegations. Judgment was rendered for the plaintiff for $2,460.

The finding shows these facts: The defendant was a director and treasurer of the Lamp Company and a large stockholder therein. For several months before September, 1924, the corporation was in need of money and the defendant made effort to sell some of the stock of the corporation to various people, including several solicitations to the plaintiff, but without success. On September 4th, 1924, the defendant, while urging the plaintiff to purchase such stock and for the purpose of inducing him to do so, agreed with him that, if he would purchase eighty shares for $2,000, and, at any time within one year, became dissatisfied with the stock or the purchase thereof, the defendant would repay to him the purchase price, upon the surrender of the stock to the defendant. He also agreed that the plaintiff would be given, by the corporation, a position at $50 a week salary, as a mechanic, and that the defendant and Montefiore would enter into a contract with the plaintiff which should provide that the plaintiff would be made a director and that the stock holdings of the three should be pooled for voting purposes. The plaintiff, relying upon and induced by these representations and agreements, purchased and paid for the stock. In part performance of the agreement, the writing, Exhibit C, was executed on September 8th, 1924. At the time of the sale of the stock by the defendant to the plaintiff, the corporation was in a financially embarrassed condition. On March 7th, 1925, the plaintiff

notified the defendant that he was dissatisfied with the stock, tendered it to the defendant and demanded repayment of the purchase price. At the time of this demand the defendant informed the plaintiff that he then had no money but intended to sell some property which he had, would have some money and would pay the plaintiff the $2,000. In the latter part of March or in April, 1925, the corporation was adjudicated a bankrupt.

The plaintiff and the defendant had known each other intimately for some time and the plaintiff had confidence in the defendant, and relied upon his word and agreement to accept return of the stock and return the purchase price. Neither the plaintiff nor the defendant at any time discussed with Montefiore the entire agreement and he was a stranger to the personal agreement between the plaintiff and the defendant, with reference to the return of the purchase price of the stock. Exhibit C was drawn in pursuance of a part of the agreement between the plaintiff and the defendant, and was merely intended to cover that portion relating to the pooling of the holdings of stock, and the employment of the plaintiff by the company. The agreement for the return of the purchase price was entirely independent of the agreement, Exhibit C.

As no attempt is made to correct the finding, the printing of all of the evidence was not only in violation of our rule and the repeated decisions of this court, but the expense of its printing constituted a grievous imposition upon the defendant as well as upon the State.

The fundamental claim of the defendant, variously stated in the assignments of error, is that the entire contract between the plaintiff and the defendant is to be regarded as that contained in the written instrument, Exhibit C, and that all prior negotiations and oral agreements are merged therein, and evidence per-

taining to such conversations and agreements was inadmissible or, upon proof of the existence and scope of the written contract, must be disregarded.

It is a well settled and familiar rule that when the parties intend to and do embody their entire prior negotiations and agreements in a writing, evidence of such negotiations and agreements is immaterial and provisions of the prior verbal agreement are not available to a party claiming under it; but if the original contract is verbal and entire, and only a part of it is reduced to writing, the rule does not apply. *Asbestos Products Corporation* v. *Matson,* 97 Conn. 381, 384, 116 Atl. 680; *Reader* v. *Grossman,* 98 Conn. 283, 285, 119 Atl. 52; *Brosty* v. *Thompson,* 79 Conn. 133, 135, 64 Atl. 1. If the prior negotiations are resolvable into independent or separate agreements, one of which is made the subject of a written contract and the other not reduced to writing, the nonapplication of the rule is manifest.

"Whether the parties intended the writing to embody their entire oral agreement or only a part of it, was a question for the trial court, to be determined from the conduct and language of the parties and the surrounding circumstances." *Brosty* v. *Thompson, supra,* p. 136. The conclusions in the present case that the agreement sued upon was separate from and independent of that embodied in the writing and that, therefore, the rule was not applicable, are logically and legally supported by the subordinate facts set forth in the finding.

The official and financial interest of the defendant in the corporation was such as to afford a sufficient consideration for his personal agreement to take over the stock which he induced the plaintiff to purchase, an agreement which was an important, if not the only,

inducement for the purchase. *Schaefer* v. *Strieder,* 203 Mass. 467, 468, 89 N. E. 618.

The remaining claim is that the agreement was unenforceable because within the statute of frauds. The record indicates that the plaintiff is correct in asserting that this claim was not made upon the trial and is now urged for the first time, and for this reason it is not incumbent upon us to determine this question. We remark, however, that agreements essentially similar have generally been held not to be within the statute as contracts for the sale of goods of above a specified value (General Statutes, § 6131) or as a special promise to answer for the debt, default, or miscarriage of another (§ 6130), or otherwise. *Pierce* v. *Rothwell,* 38 Wyo. 267, 267 Pac. 86, 88; *Lingelbach* v. *Luckenbach,* 168 Wis. 481, 170 N. W. 711, 14 A. L. R. 380; *Green* v. *Brookins,* 23 Mich. 48; *Kunzmann* v. *Petteys,* 74 Colo. 342, 221 Pac. 888; *Schaefer* v. *Strieder, supra; Gurwell* v. *Morris,* 2 Cal. App. 451, 83 Pac. 578; 6 Fletcher, Cyclopedia of Corporations, p. 6507; 27 Corpus Juris, p. 157, § 42. It is also to be noted that there has been full performance on the part of the plaintiff, as to the effect of which, see *Haussman* v. *Burnham,* 59 Conn. 117, 133, 22 Atl. 1065; *Hayden* v. *Denslow,* 27 Conn. 335, 341; *Harmonie Club, Inc.* v. *Smirnow,* 106 Conn. 243, 247, 137 Atl. 769; 27 Corpus Juris, p. 350.

There is no error.

In this opinion the other judges concurred.