W. HARRY ENGLAND *vs.* CARL O. PFAU ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 7th, 1937—decided February 1st, 1938.

*William M. Harney,* for the appellant (plaintiff).

*Ufa E. Guthrie,* with whom was *James S. Coburn,* for the appellees (defendants).

AVERY, J.  The plaintiff brought this action to secure the specific performance of an instrument commonly known as a bond for a deed, wherein the plaintiff agreed to sell and the defendants agreed to buy a certain piece of real estate in Manchester with the buildings thereon.  The complaint also asked money damages.  The defendants in their answer set up three special defenses, only two of which are pertinent to the questions raised upon this appeal.  In the first special defense it was alleged that the instrument had been canceled by an agreement between the parties.  In a further special defense it was alleged that the plaintiff was not able to convey the premises as stipulated in the instrument.  The instrument was dated May 15th, 1931, and by its terms the plaintiff agreed, on or before May 15th, 1936, to deliver to the defendants a good and sufficient warranty deed to the property containing the usual covenants, and the defendants agreed to pay therefor $5800 in cash or mortgage on the property, by paying to the plaintiff $50 per month during the term of the bond beginning May 15th, 1931, and from such sums so paid the plaintiff agreed to pay the taxes on the premises, insurance premiums and interest on the unpaid balance at 6 per cent.; and such sums as remained after such payments were to be credited to the defendants on the purchase price each six months.  At the end of the term the plaintiff agreed to take back a second mortgage for the difference between the balance due on the purchase price and such sum as might be obtained by a first mortgage on the usual terms.

The trial court has found these facts: The defendants moved into the property on the date of the con-

tract and for about a year paid $50 per month to the plaintiff. After about a year, by mutual agreement the amount of payment was reduced to $40 per month. About April 15th, 1936, for a valuable consideration, the plaintiff orally canceled the agreement and released the defendants from further performance and since that time they have occupied the premises as tenants and have paid the rent agreed upon at the time the original contract was canceled and the new agreement made. The trial court further found that on April 15th, 1932, the plaintiff, without the knowledge of the defendants, mortgaged the premises for $5000 to a bank to secure an indebtedness of his own, and that since placing the mortgage on the property he had not been able or ready to convey title to the premises to the defendants in accordance with the terms of the contract, and further that he did not at any time prior to the expiration of the contract tender a warranty deed to the property or make any other tender in accordance with the terms of the contract or show any circumstances excusing the making of such tender.

The questions involved upon this appeal are whether these findings of the trial court are supported by evidence. No claim was made at the trial by the plaintiff that the oral cancellation of the contract was ineffective because of the Statute of Frauds nor was any such claim made in brief or argument. It is unnecessary therefore to consider this question. *Pyskoty* v. *Sobusiak*, 109 Conn. 593, 598, 145 Atl. 58. An examination of the evidence printed in the record shows that the defendants testified that at a conference had between them and the plaintiff on or about April 15th, 1936, it was stated to the plaintiff that they would be unable to complete the contract of purchase; and that the plaintiff then and there agreed

with them that they might remain on the property as tenants at $40 a month rent and they did so remain paying that amount of rent. With respect to the finding of the court that the plaintiff was not able and ready to convey title to the property free from incumbrances, the plaintiff testified that he had made arrangements with the officers of the bank which held the mortgage given by him as collateral security for his loan and that the bank had agreed to release the mortgage. The officers of the bank with whom he claimed to have such conversation when called as witnesses by the defendants stated that they had no recollection of any such arrangements. The trial court was not bound to accept the testimony of the plaintiff that he was in a position at any time to secure a release of the mortgage. As the burden was upon the plaintiff to prove to the court his ability and willingness to convey an unencumbered title in accordance with the terms of the instrument, we cannot say that the court was in error in finding that the plaintiff had not established this fact. It follows that the plaintiff was not entitled to a judgment for specific performance of the agreement. *Stierle* v. *Rayner,* 92 Conn. 180, 183, 102 Atl. 581; *Harris* v. *Weed,* 89 Conn. 214, 225, 93 Atl. 232; *Janulewycz* v. *Quagliano,* 88 Conn. 60, 63, 89 Atl. 897.

As these considerations dispose of the case, it is unnecessary to consider other corrections of the finding asked by the appellant. Such corrections if made would not affect the result.

There is no error.

In this opinion the other judges concurred.