Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 The plaintiff’s demand is founded on the following contract, dated August 17th, 1853, signed by defendants, and set forth at length in the declaration:
 

 
 *286
 
 “Whereas Henry Hill; of Delaware county, has proposed to convey to the Cincinnati, Newcastle, and Michigan Railroad Company a certain tract of land in Delaware county, contain-, i.ng three hundred and nine acres, for the consideration of six thousand one hundred dollars, to be paid in the capital stock of said company, at par, on the condition that Caleb Smith and other responsible persons will guaranty that the said stock shall be worth par in three years from the present date, and in default thereof, that'the company shall make it up to par; and whereas the said Cincinnati, Newcastle, and Michigan Railroad Company have agreed by a resolution of their board of directors to accept said proposition: Now, we, the undersigned, in consideration of the premises, hereby guaranty to the said Henry Hill, that the said stock shall be worth par in threfl years from the date of this instrument; and if at the expiration of that date said stock shall not be worth par, we guaranty the said Henry Hill that the said Cincinnati, Newcastle, and Michigan Railroad Company shall make up to him or pay him whatever sum the said stock shall be worth less than par, so as to make the said stock worth par to said Henry Hill' at that date.” '
 

 The declaration is in proper form, and contains all the averments necessary to show a breach of this contract, and the consequent liability of defendants. -
 

 There was a general demurrer to the declaration and judgment for- the defendants.
 

 As rve have not been furnished with an argument on behalf of defendants, we are at a loss to discover on what grounds it is supposed that this judgment can be supported.
 

 As the contract is in writing, signed by the parties to he charged, it cannot be affected by the statute of frauds; and, although the term “guaranty” is usually applied to a collateral undertaking-to pay the debt of another, yet when taken in connection with the other terms of the instrument, this is clearly an original, independent contract. If it had been under seal, .the term
 
 “covenant”
 
 would have been the technical synonym for the word “guaranty” as here used.
 

 It states that the defendant would not agree to sell his land
 
 *287
 
 m exchange for stock, except on . condition that defendants should guaranty that the stock in three years would’ he worth •par, or should be made so by the corporation. Eor this consideration, defendants agree to make it so, or, in other words, to pay the difference between the cash value of the stock on that day and its nominal value.
 

 On this condition, and for this consideration, the plaintiff agreed to convey his land to the railroad company; and, on' the faith of defendants’ undertaking, he has conveyed it, and accepted, not money, but certain stock, which' defendants have agreed to make equal to money by a certain day. The declaration avers, that at the time specified the stock was wholly worthless, and off no. value, and the railroad company utterly insolvent, and unable! to pay the difference; and that defendants, having full notice of these facts, refuse to comply with their contract.
 

 There is ho reason why this contract should be treated as void because of antilegal or immoral consideration. Its conditions require no previous suit to be instituted against any one as principal debtor. The declaration contains every necessary averment: a valid contract, a large consideration paid, and a breach off the contract by defendants; all set forth in proper and technical language. ■
 

 The plaintiff is therefore entitled to judgment on the demurrer, unless the court below, in their discretion, shall permit the defendants, on payment of costs, to withdraw their demurrer, and plead some good defence in bar.
 

 The judgment of the court below is reversed, and record remitted for further proceedings.