[S. F. No. 19.    Department Two.—July 23, 1896.]

J. J. KILBRIDE, RESPONDENT,· v. FRANKLIN MOSS, AN INCOMPETENT PERSON, AND GEORGE D. MET-CALF, AS GUARDIAN OF HIS ESTATE, APPELLANTS.

CORPORATIONS—PURCHASE OF CAPITAL STOCK — VERBAL GUARANTY BY STOCKHOLDERS—STATUTE OF FRAUDS—ORIGINAL CONTRACT.—Where a purchase is made of the capital stock of a corporation, at the request of a large stockholder therein, who, in order to induce the purchase, verbally promised the purchaser to return the money paid by him if the stock should become worthless, such promise is not collateral to any obligation of the corporation to the purchaser, and is not void as being a verbal contract of guaranty, or a verbal agreement to answer for the debt, default, or miscarriage of another, but is an original contract, which need not be in writing, and upon which the stockholder making the promise is liable to the purchaser.

ID. — NATURE OF GUARANTY — COLLATERAL UNDERTAKING — ORIGINAL PROMISE.—A contract of guaranty is a collateral undertaking, and cannot exist without the presence of a main or substantive liability to which it is collateral; and, where there is no primary liability of a third person to the promise, which continues after the contract is made, the contract cannot be one of guaranty, but is an original promise, which need not be in writing.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.    W. E. GREENE, Judge.

The facts are stated in the opinion.

*E. M. Gibson, Welles Whitmore,* and *Reed & Nusbaumer,* for Appellants.

The court erred in admitting evidence of the verbal guaranty, as a guaranty must be in writing and supported by a consideration.    (Civ. Code, secs. 1624, 2787, 2792–95; *Clay* v. *Walton,* 9 Cal. 328; *Ellison* v. *Jackson*

*Water Co.*, 12 Cal. 542; *Harris* v. *Frank*, 81 Cal. 280; *Switzer* v. *Baker*, 95 Cal. 539.)

*Fitzgerald & Abbott*, for Respondent.

The evidence fully justifies the findings. This case did not proceed upon the theory that defendant was liable under a guaranty. The word "guaranty," used in the complaint, must be construed with reference to the other terms of the agreement made at the time the money was paid. (*Hill* v. *Smith*, 21 How. 283.) In order that the promise made by the defendant could be construed as a guaranty, the corporation must be found to owe some obligation to plaintiff. (*Moorehouse* v. *Crangle*, 36 Ohio St. 130; 38 Am. Rep. 564.)

SEARLS, C.—This is an action to recover fifteen hundred dollars under the following circumstances:

The "California Lustral Company" was a corporation duly organized under the laws of the state of California. Defendant Franklin Moss was a large stockholder therein, a director and vice-president of the company, and, with another, held a mortgage upon the property of the company.

The corporation was indebted to sundry creditors, some of whom were pressing payment.

Plaintiff had fifteen hundred dollars, and defendant Moss proposed to him to purchase therewith six thousand shares of the capital stock of the corporation, and at first offered to secure him therefor by a second mortgage on the corporate property. This offer was declined.

Thereupon it was verbally agreed between plaintiff and defendant that the plaintiff should purchase the six thousand shares of stock, pay fifteen hundred dollars therefor to the company, and, in the event that the stock became worthless or of no value, he, the said defendant, would return and pay to plaintiff the said sum of fifteen hundred dollars.

This was on the 25th of May, 1891. Plaintiff pur-

chased the stock, paid therefor the fifteen hundred dollars which was used in payment of company debts.

In 1892, the capital stock of the corporation having become worthless and of no value, plaintiff offered to return the same to defendant and demanded payment of the fifteen hundred dollars, all of which was refused. Plaintiff thereupon brought this action and obtained judgment for said fifteen hundred dollars, from which judgment and from an order denying his motion for new trial defendant appeals.

At the trial defendant's counsel objected to all evidence tending to show a verbal guaranty by defendant of the stock or its value. The objection was overruled, and the ruling is assigned as error.

A guaranty is defined by section 2787 of the Civil Code as follows: "A guaranty is a promise to answer for the debt, default, or miscarriage of another person."

Under section 2793 of the Civil Code a guaranty, save in the cases excepted by the following sections, "must be in writing and signed by the guarantor; but the writing need not express a consideration."

Under section 1624 of the same code "a special promise to answer for the debt, default, or miscarriage of another" (except as provided in section 2794) is void, unless the contract or some note or memorandum thereof be in writing and subscribed by the party to be charged, or by his agent.

Appellant contends that defendant was a guarantor, and that the action is brought against him as such.

The complaint sets out the facts much as we have stated them, but more in detail and more fully.

If these facts constitute him a guarantor the contention of appellant is sound, but, if the converse of the proposition is maintained, defendant is neither a guarantor nor surety.

Much learning has been exhibited, many fine distinctions drawn, and, we may add, a good deal of discrepancy is to be found upon some of the many branches of the law relating to guaranty.

The present case, however, seems to us to involve but a single, plain, fundamental principle not calling for extended discussion. It is this: The contract of guaranty is ·a collateral undertaking. It cannot exist without the presence of a main or substantive liability to which it is collateral. If there is no such substantive liability on the part of a third person, either express or implied, that is to say, if there is no *debt, default,* or *miscarriage,* present or prospective, there is nothing to guarantee, and hence can be no contract of guaranty.

If there is no primary liability of a third person to the promisee which continues after the promise is made, it is an original promise and need not be in writing.

Applying this doctrine to the case at bar, and we fail to discern any primary liability on the part of anyone to the plaintiff upon which to base a guaranty.

The corporation from which he purchased the shares of capital stock owed him no duty in the premises after such purchase was consummated, except the general obligation to him, in common with all other shareholders, to fairly and impartially conduct the business of the company in such manner as would best promote the interests of all concerned.

The corporation simply sold him six thousand shares of its stock and received payment therefor. This closed the incident so far as the company was concerned.

It was the defendant who entered into contract with him, whereby, as an inducement for plaintiff to purchase, he promised to refund his money should the stock become worthless. This was an original contract.

*Moorehouse* v. *Crangle,* 36 Ohio St. 130, 38 Am. Rep. 564, is in point. There C., who was a large stockholder of a business corporation and president thereof, verbally promised M. that if he would subscribe and pay five hundred dollars to the capital stock of the company he should, within one year, receive fifteen per cent on the amount invested. M., in consideration of this promise, subscribed, and paid for the stock. No

dividends were made or earned within the year. Held, that this was not a contract to answer for the debt, default, or miscarriage of another, but an original contract, upon the proof of which plaintiff was entitled to recover.

Johnson, J., in discussing the case, said: "The terms of the statute make it clear that a collateral promise, or one to answer for the liability of another, is one where there is a debt or obligation of another than the promisor for whose default he undertakes to be liable. An original liability of another is the foundation of the collateral liability of the promisor. . . . . If this contract is not within the statute of frauds, the plaintiff is entitled to recover, as it is not doubted but that the consideration stated is sufficient. Was there any debt, obligation, or legal duty, express or implied, owing by the corporation to the plaintiff as a stockholder, for which the defendant undertook to answer upon default of the corporation?" The learned judge, after defining the duties of the corporation to its stockholders, adds: "The defendant did not undertake to answer for any debt, default, or miscarriage by the corporation growing out of a failure to perform any of these duties. . . . . Defendant's contract was, in legal effect, essentially different from the obligations of the corporation in favor of plaintiff as a stockholder, and the liability created was wholly independent of any default by the corporation. It was not an undertaking to answer for the default of the corporation."

In *Hill* v. *Smith*, 21 How. 283, plaintiff had sold land to a railroad company, receiving in payment therefor the stock of the company, which the defendant *guaranteed* should be at par within three years. This was held an original, and not a collateral, contract.

Stress was laid by counsel upon the use of the word *guaranty* in the contract as importing a collateral agreement, but the court held that the term, when taken in connection with the other provisions of the agreement, showed it to be an original contract.

*Green* v. *Brookins*, 23 Mich. 48, 9 Am. Rep. 74, is to like effect. (See, also, notes to *Forth* v .*Stanton*, 1 Saund. 211.) Applying the reasoning of these cases to the case in hand, and the question involved is solved in favor of plaintiff.

Objections are urged to the sufficiency of the evidence to support some of the findings.

These questions need not be discussed, for the reason that there was clear and unequivocal evidence in favor of plaintiff upon each and every of the issues. That defendant's testimony contradicted some of it is not cause for disturbing the findings of the court.

The judgment and order appealed from should be affirmed.

Vanclief, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple J., Henshaw, J.