[Civ. No. 3895. Second Appellate District, Division One.—May 3, 1922.]

THE CITY NATIONAL BANK IN LONG BEACH (a Banking Corporation), Respondent, v. LEMCO MANUFACTURING COMPANY (a Corporation), et al., Defendants; JESS H. CLARK, Appellant.

[1] PROMISSORY NOTE—WANT OF CONSIDERATION—LIABILITY OF GUARANTOR.—One who has guaranteed payment of a promissory note cannot be held liable when the note itself has not been executed by its purported maker and is void for want of consideration.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. S. Crail, Judge. Reversed.

The facts are stated in the opinion of the court.

H. G. Ames and Delmas & Brown for Appellant.

No appearance for Respondent.

CONREY, P. J.—There is no brief or appearance herein on behalf of respondent. The case is stated and the point relied upon by appellant is presented as follows: "The plaintiff sued as payee of a note purporting to be executed by the defendant Lemco Manufacturing Company and guaranteed as regards payment by the defendant Clark. These defendants pleaded that the note had been signed in the name of the company without its authority and that it was void for want of consideration. The court found the plea true, and thereupon rendered judgment in favor of the company, but against Clark for the full amount of the note. From that part of the ensuing judgment which runs against him Clark appeals. [1] There is presented then, for decision the single question: Can one who has guaranteed payment of a note be held liable, when the note itself has not been executed by its purported maker and is void for want of consideration? This question admits, we think, of but one answer. The obligation of the guarantor being accessory to that of the principal obligor, it would seem to be as self-evident in law that if there is no principal there can be no accessory, as in physics it is self-evident that there can be no shadow where there is no substance. (Brandt on Suretyship and Guaranty, 3d ed., secs. 4, 19, 163, and notes.) "

The contention of appellant appears to be correct and is supported by authority in this state. (Civ. Code, secs. 2787, 2809; *Glassell* v. *Coleman,* 94 Cal. 260, 266 [29 Pac. 508]; *Kilbride* v. *Moss,* 113 Cal. 432 [54 Am. St. Rep. 361, 45 Pac. 812].)

The judgment against appellant is reversed.

Shaw, J., and James, J., concurred.