[Civ. No. 2808.   Third Appellate District.—April 21, 1925.]

## H. C. MEYER, Respondent, v. W. J. MOORE, Appellant.

[1] CONTRACTS — GUARANTY ON INVESTMENT IN STOCK — PAYMENT—
PLEADING.—In an action upon a written instrument, given to
plaintiff by defendant, who was a stockholder and president
of a corporation, to the effect that defendant would guarantee
"8 per cent interest on $5,000 investment" by plaintiff in said
corporation payable annually, where the complaint alleged that
said corporation has never paid any dividends whatever on the
stock purchased by plaintiff, and plaintiff has received no return
or profit therefrom, either from the corporation or from the de-
fendant, and that prior to the commencement of the action plain-
tiff demanded of defendant the payment to him of two years'
interest on his investment, as guaranteed by defendant, but that
defendant refused to pay the same or any part thereof, and de-
fendant's answer admitted the allegations of the complaint, and
there is no claim appearing anywhere in the record that the sum
demanded has ever been paid by either the corporation or by the
defendant, under section 4½ of article VI of the constitution,
defendant was not prejudiced by the overruling of his demurrer
upon the ground that the complaint did not sufficiently allege
nonpayment, even though it be admitted that the allegations of
the complaint were not technically sufficient, as measured by the
strict rules of pleading.

[2] ID.—CONSIDERATION — PLEADING.—In such action, the complaint,
which alleged the written guaranty by defendant, was not sub-
ject to attack by demurrer upon the ground that it was uncer-
tain, in that it did not appear therefrom what, if any, considera-
tion the defendant received for the execution of the written
instrument referred to in the complaint, as, under section 1614
of the Civil Code, "a written instrument is presumptive evidence
of consideration," and section 1615 of the same code places the
burden of showing want of consideration to support a written
instrument upon the party who seeks to invalidate it, or to avoid
it.

[3] ID.—GUARANTY OF INTEREST — NATURE OF WRITING. — A written
instrument, given by the president of a corporation to a pur-
chaser of stock of said corporation as an inducement for the
purchase, and which provides that the president guarantees "8

2.  See 6 Cal. Jur. 200.
3.  See 12 R. C. L. 1055; 13 Cal. Jur. 85.

per cent interest on $5,000 investment" in the corporation payable annually (no such promise being made by the corporation), constitutes an independent contract of the president and is not collateral to any promise on the part of the corporation, to pay to the purchaser annually any sum of money whatever.

[4] ID.—WORDS AND PHRASES—GUARANTY.—The words "guaranty" or "guarantee" do not always import a contract of guaranty. These words are often used in the sense of promise or agree, importing an original obligation on the part of the person executing such contract.

---

(1) 4 C. J., p. 1170, n. 34. (2) 14 C. J., p. 581, n. 24, p. 662, n. 79 New. (3) 14 C. J., p. 581, n. 24. (4) 28 C. J., p. 889, n. 36.

APPEAL from a judgment of the Superior Court of Yuba County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Carr & Kennedy for Appellant.

Alvin Weis for Respondent.

PLUMMER, J.—Plaintiff had judgment for the sum of $400. From this judgment the defendant appeals. It appears from the transcript that the defendant during the time covered by the proceeding referred to herein was a stockholder and president of the Ellamoore Candy Company, a corporation, organized and existing under the laws of the state of Nevada, and having its principal place of business at the city of Reno, therein; that prior to the ninth day of April, 1921, the defendant had solicited the plaintiff a number of times to invest the sum of $5,000 in the capital stock of the said Ellamore Candy Company; that the plaintiff was loath to invest in the capital stock of that company and finally stated to the defendant that he would do so, if he had some security. That the defendant at that time was promoting said company and selling the stock thereof; that, after the making of such statement by the plaintiff to the defendant, the defendant executed and delivered to the plaintiff an instrument in writing, in the following words and figures, to wit:

"Marysville, Cal., April 9th, 1921.

"I, W. J. Moore, guarantee 8 per cent interest on $5000 investment in Ellamoore candy co payable anualy

"Yours truly,

"W. J. MOORE."

That thereupon the plaintiff invested the sum of $5,000 in the capital stock of said candy company, and received therefor two certificates, each representing 250 shares, one issued in the name of himself and one in the name of plaintiff's wife. Nothing having been paid in the way of dividends on the capital stock of said corporation, the plaintiff began this action, based upon the written instrument just set forth. The complaint sets forth the plaintiff's cause of action in the following manner:

"II. That on the 9th day of April, 1921, at Sutter, in the County of Sutter, State of California, in consideration that the plaintiff at the request of the defendant would invest five thousand dollars ($5000) in stock of said Ellamoore Candy Company, the defendant guaranteed by a memorandum in writing made and subscribed by said defendant, a return and profit of eight (8) per cent on said investment, payable annually and promised to be answerable to plaintiff for the payment thereof.

"III. That plaintiff herein thereupon, and acting on his faith in said guaranty, invested the sum of Five thousand dollars ($5,000) in the stock of said Ellamoore Candy Company, and paid over said sum of Five thousand dollars ($5,000) to the agent of the said company, and received in return therefor, his certificate for five hundred (500) shares of the stock of said company, of all of which the defendant herein had due notice.

"IV. That said Ellamoore Candy Company has never to this date paid any dividends whatever on said stock, and plaintiff herein has received no return or profit therefrom, either from said Ellamoore Candy Company or from defendant herein. That before the commencement of this action, plaintiff demanded of defendant the payment to him of eight hundred dollars' ($800) being two years' interest on said investment, as guaranteed by defendant, but that defendant refused to pay the same, and has ever since neglected and refused to pay the same or any part thereof."

To this complaint, the defendant assigned two grounds of demurrer: 1. That said complaint does not state facts sufficient to constitute a cause of action; and 2. That said complaint is uncertain, in that it does not appear therefrom what, if any, consideration the defendant received for the execution of the written instrument referred to in the second paragraph of plaintiff's complaint. This demurrer being overruled, the defendant answered denying the allegations contained in the second and third paragraphs of the plaintiff's complaint, and admitted the allegations contained in the fourth paragraph of plaintiff's complaint.

[1]   The appellant insists that his demurrer should have been sustained, and sets forth, among other things, that there is no sufficient allegation of nonpayment of the eight per cent referred to by the Ellamoore Candy Company, and no sufficient allegation that the defendant had not paid said sum to the plaintiff. As we have stated, the defendant answered, admitting the allegations set forth in the fourth paragraph of the plaintiff's complaint, and, even though it be admitted that the allegations contained in said paragraph are not technically sufficient, as measured by the strict rules of pleading, yet it satisfactorily appears therefrom to the ordinary understanding that no return has been paid to the plaintiff, by reason of said investment, either by the candy company or by the defendant. There is no claim appearing anywhere in the record that such sum has ever been paid by either the candy company or the defendant, and under such circumstances, we think that the error of the trial court, if any, in ruling upon the defendant's demurrer upon this ground, falls within the saving provisions of section 4½ of article VI of the state constitution, where it is provided, "no judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." The error here is only a matter of technical pleading and could not, even in the remotest degree, have affected the substantial rights of any of the parties to this proceeding. The general allega-

tion that nothing had been paid, as set forth in the complaint, is admitted and it cannot be claimed that any injustice was done the defendant, where there is not a scintilla of evidence to indicate anything to the contrary, and no pleading on the part of the defendant, other than the admission to which we have just referred.

[2] As to the second ground of demurrer, the answer is found in section 1614 of the Civil Code, "a written instrument is presumptive evidence of consideration." We may also add that section 1615 of the same code places the burden of showing want of consideration to support a written instrument upon the party who seeks to invalidate it, or to avoid it.

[3] The appellant next argues that the instrument sued on is a collateral undertaking, and that the guarantor or defendant becomes liable only on the default of the principal. The complaint in this case, as we have said, alleges that the Ellamoore Candy Company had not paid any dividends upon the stock in question, that the plaintiff had not received any profit therefrom, and that the defendant had not paid said guaranteed income, though demand had been made therefor. Considerable learning is exhibited in the argument of counsel going to show that the liability of a guarantor is secondary, and his contract is collateral to that of his principal; that the principal in this case, the Ellamoore Candy Company, had not promised to pay any profits or dividends whatever to the plaintiff, that all the Ellamoore Candy Company could promise and the promise that would be implied by law, would be that the directors of the company would conduct the business thereof in a legal manner, and to the best possible interests of the stockholders and, therefore, that as the obligation of a guarantor must be no larger in amount, nor in other respects more burdensome than that of the principal, the defendant in this case assumed no liability whatever by reason of the execution and delivery of the written instrument hereinbefore set forth, as an inducement to the plaintiff to invest the sum of $5,000 in the stock of said candy company. Numerous authorities are cited to support the contentions made by the appellant, but, for the reasons to be hereinafter stated, we think they are inapplicable. We think that the writing set forth in the transcript in this case, taken in connection with the

circumstances under which it was delivered, constitutes an independent contract and is not collateral to any promise on the part of the Ellamoore Candy Company, to pay to the plaintiff annually any sum of money whatever. In the case of *Hill* v. *Smith,* 21 How. 283 [16 L. Ed. 113, see, also, Rose's U. S. Notes], the supreme court of the United States had before it the identical question presented here. In that case the defendants executed and delivered an instrument in writing as an inducement to the plaintiff to subscribe for certain shares of stock in the Cincinnati, Newcastle and Michigan Railroad Company, in payment for a right of way through his land, instead of cash upon an agreement, which, after reciting what we have said, read: "Now, we, the undersigned, in consideration of the premises, hereby guaranty to the said Hill, that the said stock shall be worth par in three years from the date of this instrument; and if at the expiration of that date said stock shall not be worth par, we guaranty the said Hill that the said Cincinnati, Newcastle, and Michigan Railroad Company shall make up to him or pay him whatever sum the said stock shall be worth less than par, so as to make the said stock worth par to said Hill at that date." The stock became worthless. It was held by the court that this was not a collateral agreement of guaranty, though the word "guaranty" was used, but was an original covenant on the part of the defendants to induce the plaintiff to accept stock in the railroad company, as payment for his lands; that no suit was required to be first instituted against the corporation, but that the plaintiff was entitled to maintain said action against the defendants upon said written promise, as being an original agreement.

In *Moorehouse* v. *Crangle,* 36 Ohio St. 130 [38 Am. Rep. 564], a stockholder and president of a corporation orally promised the plaintiff that if he would subscribe and pay $500 for shares of the capital stock of the corporation, he should receive fifteen per cent of that amount in a year. It was held that such promise did not amount to a covenant to answer for the debt, default, or miscarriage of another, but was an original obligation. This case quotes with approval the case of *Hill* v. *Smith, supra,* and comments upon the use of the word "guaranty" as follows: "In noticing the word 'guaranty,' which was used in that contract, and which was relied upon as importing a collateral contract, it

is said, this term is usually applied to a collateral undertaking, yet when taken in connection with the other terms of the instrument, the contract is clearly an original, independent one.'' A number of authorities are also there cited in support of the holding in that case. In *Kilbride* v. *Moss,* 113 Cal. 432 [54 Am. St. Rep. 361, 45 Pac. 812], a purchase of the capital stock of a corporation was made at the request of a large stockholder, who, in order to induce the purchase, verbally promised the purchaser to return the money paid by him for the stock should it become worthless. It was held in that case that the promise was an original one and not a guaranty, and the distinction is drawn between a promise which is original and one which is only collateral to the undertaking of a third party. It is there said, ''a contract of guaranty is a collateral undertaking, and cannot exist without the presence of a main or substantive liability to which it is collateral.'' There, as here, there is no primary liability on the part of any third person. The candy company, as we have stated, entered into no such contract as is here sued upon and made no promises such as were made by the defendant in order to induce the plaintiff to purchase shares in the capital stock of the corporation.

[4] The words ''guaranty'' or ''guarantee'' do not always import a contract of guaranty. These words are often used in the sense of promise or agree, etc., importing an original obligation on the part of the person executing such contract. (13 Cal. Jur. 87, sec. 3.)

The trial court entered judgment in favor of the plaintiff for the sum of $400, being eight per cent upon the par value of the certificate issued in the name of the plaintiff. We think the cases which we have cited are controlling here, and that the various decisions cited by appellant relating to instances where the contract is not original have no application. The judgment of the trial court is hereby affirmed.

McDaniel, J., *pro tem.*, and Finch, P. J., concurred.