[Civ. No. 360.   Fourth Appellate District.—March 17, 1931.]

MRS. S. E. BUSH, Respondent, v. MARY BASTIAN, Defendant; MRS. H. K. HERBERT, Appellant.

John M. Martin and Buel R. Wood for Appellant.

Willebrandt & Horowitz for Respondent.

MARKS, J.—Respondent was the owner of a bungalow court in the city of Los Angeles. On or about September 1, 1923, she entered into a written lease of this property with the defendant Mary Bastian. The term of the lease was for five years at the monthly rental of $315, payable in advance on the first day of each month. On or about November 19, 1923, Mary Bastian assigned the lease to Mrs. H. K. Herbert, the appellant. The following allegation appears in the complaint concerning this assignment:

"That on or about the 19th day of November, 1923, the said defendant, Mary Bastian, assigned said lease to the defendant, Mrs. H. K. Herbert, with the express stipulation that she, the said Mary Bastian, would continue to be bound by all of the terms of said lease; that pursuant to said assignment, the said defendant, Mrs. H. K. Herbert, went into possession and occupation of said premises."

Nowhere in the complaint is it alleged that the appellant agreed to assume the obligations of the lease or to pay the rent therein reserved. It was merely a naked assignment. It is alleged in the complaint that on or about February 10, 1925, both defendants vacated and abandoned the leased premises. Respondent brought this action to recover the unpaid rent. It is alleged that $185 rental was unpaid for the month of December, 1924, and that all the subsequent rentals were unpaid by the defendants. Respondent, however, succeeded in leasing the premises at a reduced rental which she credited on the account claimed to be due from the defendants. Mary Bastian filed an answer, but Mrs. H. K. Herbert did not appear and her default was entered. The case went to trial upon the issues presented by the

complaint and the answer of Mary Bastian. Judgment was entered in favor of respondent and against both defendants in the sum of $5,004.77. Mrs. Herbert prosecutes this appeal on the judgment-roll alone and maintains that as the complaint failed to state a cause of action against her the judgment cannot be sustained.

It is evident from the complaint that no privity of contract existed between respondent and appellant, their relations being limited to a privity of estate as the appellant did not agree to assume the obligations of the lease or to pay the rent. It is said in 15 Cal. Jur. 753: "Privity of contract between landlord and lessee, however, is not affected by the latter's assignment, but continues until the end of the term notwithstanding he is no longer in possession of the premises. In the absence of fresh contractual stipulation, there is no privity of contract between the assignee and the landlord. But the assignee may, by express stipulation to be bound by the covenants of the lease, create a privity of contract between himself and the landlord, which will also endure till the term expires. By virtue of such an agreement the assignee becomes liable upon and entitled to the benefit of all the covenants of the lease as such. It seems, however, that to establish privity of contract between landlord and assignee, the necessary agreement must be made between them themselves. It is not sufficient that the assignee should have promised his assignor to perform the covenants of the lease. Such a promise is enforceable only by the original lessee."

In the case of *Chase* v. *Oehlke,* 43 Cal. App. 435 [185 Pac. 425], the court said: "Appellant's first contention is that, as assignee of the lease, their liability as tenants of the property was, as to the landlord, limited to their occupancy of the same and terminated with their abandonment of possession. This is true where the tenant holds under a mere naked assignment of the lease, since the sole basis of his obligation is what is termed the privity of the estate (Civ. Code, sec. 822; *Samuels* v. *Ottinger,* 169 Cal. 209 [Ann. Cas. 1916E, 830, 146 Pac. 638]; *Carter* v. *Hammett,* 18 Barb. [N. Y.] 608; *Bonetti* v. *Treat,* 91 Cal. 226 [14 L. R. A. 151, 27 Pac. 612])."

It would appear clear, therefore, that under the allegations of the complaint the liability of appellant to respond-

ent was limited to the rentals accruing prior to her abandonment of the possession of the leased premises.

Respondent earnestly maintains that this court cannot reverse the judgment against appellant even though it be excessive because of the provisions of section 4½ of article VI of the Constitution. This section provides that "no judgment shall be set aside . . . for any error as to any matter of pleading . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice". It is her contention that as no evidence has been brought up on this appeal this court cannot examine it and as a result is powerless to correct the apparently erroneous judgment of the trial court. In support of this contention she cites the cases: *Bird* v. *Murphy,* 72 Cal. App. 39 [236 Pac. 154], *Meyer* v. *Moore,* 72 Cal. App. 367 [237 Pac. 550], *Turner* v. *Stock,* 79 Cal. App. 662 [251 Pac. 814], *Platner* v. *Vincent,* 194 Cal. 436 [229 Pac. 24], and *Etienne* v. *Kendall,* 202 Cal. 251 [259 Pac. 752]. In these cases the appeals were taken on the judgment-rolls alone after issues joined and trials had upon the merits. It was held that under such circumstances the appellate courts are required to presume, in support of judgments, that the evidence submitted fully sustained the findings and supported the judgments of the trial court; that the pleadings were treated at the trials as sufficient to raise the issues determined by the findings and that the evidence on such issues went in without such objection. (*Silvers* v. *Grossman,* 183 Cal. 696 [192 Pac. 534].) Under such circumstances the appellate courts have refused to reverse the judgments on the grounds of deficiencies in the pleadings, section 4½ of article VI of the Constitution furnishing ample authority for such rulings.

The instant case is easily distinguishable from the cases cited by respondent. In the case before us, the default of appellant was entered and no evidence was introduced against her or on her behalf. Consequently we cannot assume that the case against her was tried upon the theory of the sufficiency of the pleadings, or that the evidence supported the findings and judgment. There is no evidence to bring up to this court and there is no evidence to be reviewed here. Section 4½ of article VI of the Con-

stitution is remedial in its nature and beneficent in its purpose. It was adopted to prevent the necessity of reversing a judgment for highly technical reasons where the judgment was fair and equitable. It was not intended to permit injustice nor to require an appellate court to uphold a judgment which on the face of the record appears unfair, unjust and excessive. █ The words "including the evidence" must be held to apply only to a case in which evidence was taken in the court below and not to such a case as we have here where no evidence was introduced by the parties to the appeal for or against each other.

Under ordinary circumstances this court would reduce the amount of the judgment against appellant to the few hundred dollars rent appearing from the pleadings to have been unpaid by her during her occupancy of the premises. Respondent earnestly urges that at the time of the assignment of the lease to appellant she agreed in writing to assume its obligations. If this allegation can be supplied to the complaint and evidence produced in its support, it would seem inequitable to preclude respondent from offering the amendments and furnishing the evidence.

The judgment against appellant is reversed with directions to the trial court to permit respondent to amend her complaint against appellant should she be so advised.

Barnard, P. J., and Jennings, J., concurred.