[Civ. No. 10081. Second Appellate District, Division Two.—September 24, 1935.]

FIRST SECURITIES COMPANY, LTD. (a Corporation), Appellant, v. WALTER P. STORY et al., Respondents.

[Civ. No. 10095. Second Appellate District, Division Two.—September 24, 1935.]

FIRST SECURITIES COMPANY, LTD. (a Corporation), Appellant, v. SOPHIA HAVERTY, as Executrix, etc., Respondent.

Farrand & Slosson for Appellant.

Ray Nimmo, William H. Hitchcock, Biby & Biby, John E. Biby, Chandler, Wright & Ward, Leo Chandler, Kenyon F. Lee, Bradner W. Lee, Edward Brody, Charles Nichols, Elbert E. Hensley and John H. Klenke for Respondents.

WILSON, J., *pro tem.*—These are appeals from a judgment in favor of respondents following the sustaining of their demurrers to the second amended complaint without leave to amend.

It is alleged that while Glenoaks, Inc., was engaged in subdividing and selling a tract of land in Los Angeles County, it sought to obtain from appellant's assignor, Pacific-Southwest Trust & Savings Bank, the sum of $625,000, and proposed to sell its bonds to the bank in the said amount; that the bank agreed to purchase the said bonds upon condition that the payment thereof be guaranteed by the respondents; that for the purpose of inducing the bank to purchase the bonds, the respondents executed an instrument in writing which appellant asserts is an agreement of guaranty, whereupon the bank purchased the bonds and Glenoaks, Inc., executed a trust indenture securing the same. Default having occurred in the payment of the bonds, this action was commenced to recover from the respondents the amounts alleged to have been guaranteed by them respectively.

The instrument sued upon bears the heading "guarantee note" and .by its terms the respondents promised to pay all sums of money which the bank had theretofore advanced or loaned or might thereafter advance or loan to Glenoaks, Inc., under said bond issue, or upon bills receivable, drafts, or other evidences of indebtedness, "said advances and loans being made at our special instance and request, and upon the faith of this undertaking". No claim is made by appellant that any amounts were advanced to Glenoaks, Inc., except upon the bonds. If, as maintained by respondents, the document was a direct primary obligation to pay money on demand the action is barred by the provisions of section 337 of the Code of Civil Procedure, while if the appellant is correct in its assertion that the instrument is one of guaranty, the same is not barred.

The agreement referred to reads as follows: "Guarantee Note. In consideration of the sum of Ten Dollars, to us in

hand paid by Pacific-Southwest Trust & Savings Bank of Los Angeles, California, the receipt whereof is hereby acknowledged, and for divers other valuable consideration, I/or we jointly and severally promise to pay to the said Pacific-Southwest Trust & Savings Bank of Los Angeles, California, or to their order, on demand, in gold coin of the United States of America, any and all sums of money which the said Pacific-Southwest Trust & Savings Bank of Los Angeles, California, may have heretofore advanced or loaned, or may hereafter advance or loan to Glenoaks, Inc., under a certain bond issue in the total amount of Six Hundred Twenty Five Thousand Dollars ($625,000.00) covering certain real property now owned by Glenoaks, Inc. and payment of which is guaranteed proportionately by us, or upon bills receivable, drafts, overdrafts, acceptances, or other evidences of indebtedness, together with interest thereon, from the time the same are, or were made or allowed, respectively, at the rate of 6½ per cent per annum, said advances and loans being made at our special instance and request, and upon the faith of this undertaking; and we hereby authorize said Pacific-Southwest Trust & Savings Bank of Los Angeles, California, at any time and in such manner and upon such terms, and for such time as it may see fit, to extend or change the time or manner for the payment of said sum or sums of money, or any part thereof, without any notice to the undersigned, or to any or either of them and we hereby agree beforehand that no such change or extension of time or credit, shall in any manner affect our liability hereon. It is hereby understood and agreed that the amount of the liability of the undersigned under this agreement shall not exceed the amount of our proportionate share as set out below, of the principal and interest of the bond issue, and also of the 5/60 interest apportioned to John R. Powers. The right of said bank to demand, and the obligation of the undersigned to pay such indebtedness, shall not be affected by the fact that the said Bank is, or may be at the time, holding collaterals or property to secure such indebtedness. It is further understood and agreed that this is and shall be a continuing guarantee, and shall remain in full force and effect until written notice shall have actually been received by said Pacific-Southwest Trust & Savings Bank of Los Angeles, California, that as to further

advances or loans it has been revoked by the undersigned. It is further expressly understood and agreed that said Bank need not give, and the undersigned hereby expressly waive—, any notice to the undersigned, or to any or either of them, of the acceptance by said Bank of this guarantee note, or of indebtedness or other obligations incurred by said Glenoaks, Inc. to said Bank. It is further understood and agreed that no act or omission of any kind on the part of said Bank in the premises shall in any way whatsoever affect or impair this undertaking. December 13, 1926.'' Then follows the signatures of the obligors and a specification of the fractional part of the obligation which each assumes.

The fact that the instrument is denominated a ''guarantee note'' will be disregarded, as will the allegations in the second amended complaint that the payment of the bonds was guaranteed by respondents, if the language of the instrument itself does not bear such construction. The legal effect of the terms of the signed document is not enlarged by the heading of the latter, nor by the allegations in the pleading setting forth appellant's interpretation of the meaning of the document. The word ''guarantee'' does not necessarily import a contract of guaranty, but may import an original obligation or promise. (*Meyer* v. *Moore*, 72 Cal. App. 367 [237 Pac. 550].) The nature of the obligation, whether primary or secondary, is the determining feature.

Appellant alleges in its pleading that it had been agreed, before the note was signed, that the bonds were to be secured by a deed of trust upon land owned by Glenoaks, and it is further alleged that Glenoaks executed a trust indenture conveying real property to the bank to secure payment of principal and interest of the bonds. Notwithstanding this fact, the note expressly provides that the right of the bank to demand payment of the indebtedness and the obligation of respondents to pay the same shall not be affected by the fact that the bank is holding collaterals or property to secure such indebtedness. The bank was given the right to sue the makers of the note even though it held ample security for payment of the amount advanced by it, and even though there were no default on the part of Glenoaks. If this were a contract of guaranty the liability of the guarantors would not accrue until a default existed under the original obligation. When

the persons sought to be held are primarily liable, prior to the breach of the contract by another, the contract is an original promise and not one of guaranty. (*Scribner* v. *Schenkel*, 128 Cal. 250 [60 Pac. 860] ; *Malone* v. *Crescent City etc. Co.*, 77 Cal. 38 [18 Pac. 858].)  The respondents did not guarantee payment of the bonds, but promised to pay, on demand, all sums advanced or loaned by the bank.  By the terms of the note the promise was absolute and was not conditional upon nonpayment of the bonds.  The instrument pleaded is not ambiguous and may be interpreted by its contents without explanatory evidence.

The judgments are affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1935.