[Civil No. 4404.   Filed November 3, 1941.]

[118 Pac. (2d) 454.]

OSCAR F. DYKES, Appellant, v. CLEM LUMBER COMPANY, a Corporation, Appellee.

Messrs. Dykes & Selden, for Appellant.

Mr. Maurice D. Brown and Mr. T. E. Scarborough, for Appellee.

LOCKWOOD, C. J.—This is an appeal by Oscar F. Dykes, called defendant, from a judgment in favor of Clem Lumber Company, a corporation, called plaintiff. The facts of the case may be stated as follows:

Grover C. Hamby and Alice S. Hamby, his wife, were the owners of certain real estate situate in Phoenix, upon which they desired to erect a residence. They had arranged with the Valley National Bank for a FHA loan of $3,700 for such purpose and entered into a contract with defendant to build it for the price above stated. Before the bank would pay out any of the money on the loan it was necessary that it have a written security from a responsible party that the building would be completed according to owner's specifications and free and clear of any mechanics' or materialmen's liens. Defendant intended to secure the majority of his material from plaintiff and asked it to make the required security, which it did by letter to the bank which reads, so far as material as follows:

"The Valley National Bank
"Phoenix
"Arizona
 "Re: Grover C. and Alice S.
  "Hamby FHA #02–004222.
"Gentlemen:
"In reference to the mortgage in the amount of $3,700.00 dated March 22, 1940, executed by Grover C. Hamby and Alice S. Hamby, his wife, to The Valley National Bank of Phoenix, mortgagee, covering the following described property: (description follows)
" . . .

"In consideration of the payment to the Clem Lumber Company of the sum of $3,700.00 . . . , we guarantee completion of the aforementioned residence according to the plans and specifications and free and clear from any mechanic's or materialman's lien.
" . . .
   "(Signed) Clem Lumber Company
    "By S. A. Clem."

and defendant commenced construction of the building. When it was finally finished the cost of the construction in material and labor, which was lienable if not paid, was $4,669.40, or $969.40 in excess of the

contract price. Of this amount the greater proportion was due to plaintiff for material. Under the terms of its promise the plaintiff was bound to keep the property free of liens, so that the bank's mortgage would retain its priority. Plaintiff, therefore, obtained discounts from several of the creditors in a manner unnecessary to describe, which reduced the total loss on the contract to $754.23. Thereafter some of these creditors were paid by the bank out of the $3,700, while others were paid directly by plaintiff. All these payments were made with the approval of defendant. When all the other creditors had been satisfied in this manner, plaintiff executed a release of its own right of lien to the bank and the latter turned over to plaintiff the amount of the $3,700 loan which had not already been paid out either to plaintiff or to other creditors, as above. The ultimate result of these transactions was that the property was free from liens, all of the creditors, except plaintiff, had their claims fully satisfied and there was still due plaintiff for materials furnished at the request of defendant for use on the job the sum of $754.23. Plaintiff thereupon brought this action, setting up the letter as above; that in accordance therewith it had been forced to pay to the bank and the defendant the sum of $763.83, which amount was required to complete the dwelling free and clear of all mechanics' and materialmen's liens, and a demand upon defendant for reimbursement and a failure to pay. It asked for judgment for that amount.

It will be seen that the action was one by an alleged guarantor for reimbursement from a principal debtor of the amount the guarantor had been forced to pay by reason of the guaranty. It is urged by defendant that the facts developed by the evidence failed to support such an action.

■■ . A guaranty is a collateral promise by one person to answer for the payment of some debt or the performance of some duty in case of the default of a third party who, in the first instance, is liable for such payment or performance. Story Prom. Notes, par. 457. If there is no primary liability on the part of the third party, there is nothing to guarantee and there can be no contract of guaranty. *Kilbride* v. *Moss,* 113 Cal. 432, 45 Pac. 812, 54 Am. St. Rep. 361.

■ The general rule of law in regard to guaranty is that where one has entered into a contract of guaranty at the request of a principal debtor and has been compelled to pay his principal's debt, there is an implied promise of reimbursement, and on the payment of the debt the guarantor has an immediate right of action against the principal for the amount which he has thus been compelled to pay. *Leslie* v. *Compton,* 103 Kan. 92, 172 Pac. 1015, L. R. A. 1918F 706; *Beakes* v. *Da Cunha,* 126 N. Y. 293, 27 N. E. 251; *Henrietta Oil, etc., Co.* v. *W. B. Worsham & Co.,* (Tex. Civ. App.) 210 S. W. 819.

■ Nor does defendant deny this to be the law, but he contends the guarantee was not one of any debt or duty to the bank which he was under obligation to pay or perform, and the agreement of defendant with the bank was not a guaranty but an original obligation. We are impressed with this contention. Defendant was never under any contractual obligation of any nature with the bank. His obligation was two-fold, first to the Hambys to build the residence within the contract price according to the specifications, and second to the various parties who furnished material and labor on the property to pay their bills for the same. This obligation existed independent of the promise of plaintiff to the bank and would have existed if it had never been made. The bank had no claim against defendant, existing or prospective, on

account of any obligation of his to do for or to pay to them anything. The only way in which it could have acquired such an obligation, if it had been compelled to pay off labor and materialmen's liens, was to take an assignment of their claims, and then sue defendant, not on any original indebtedness but upon an assigned indebtedness originally due to other parties in no way connected with the guaranty. We think the written agreement on which the suit was based was not a guarantee of an obligation of defendant to the bank, but was an original and primary obligation of plaintiff to it.

It is contended by defendant that on the state of facts developed by the evidence, plaintiff's remedy against him, if any, was a suit upon open account for material furnished, and that this was the only obligation which ever existed between the two. We think the whole record shows this to be correct. The question then is, can a judgment in an action brought on an alleged implied promise by a principal debtor to reimburse a guarantor for the performance of an obligation of the former which the guarantor was obliged to perform by reason of its guaranty, be sustained when the evidence shows that the remedy, if any, was an action upon open account?

Whether the complaint could have been amended to set up a proper form of action to conform with the proof, we do not now decide. No request for such an amendment was made, and defendant made a timely motion for judgment on the ground of variance between the pleadings and proof.

The judgment is reversed and the case remanded for further proceedings.

McALISTER and ROSS, JJ., concur.