[Civil No. 4639. Filed February 24, 1945.]

[156 Pac. (2d) 406.]

OSCAR F. DYKES, Appellant, v. CLEM LUMBER COMPANY, a Corporation, Appellee

Messrs. Dykes & Selden, for Appellant.

Mr. T. E. Scarborough, and Mr. Maurice D. Brown, for Appellee.

LaPRADE, J.—This case has been before us heretofore and was reversed and remanded for further

proceedings. 58 Ariz. 176, 118 Pac. (2d) 454, 456. The grounds upon which it was reversed were that the proof did not conform to the allegations of the complaint, and that no request to amend was made by the plaintiff.

The facts out of which the case arose were fully stated in our opinion, and we herein refer to such statement for the facts. We said, preliminary to the remand:

"It is contended by defendant (Dykes) that on the state of the facts developed by the evidence, plaintiff's remedy against him (Dykes), if any, was a suit upon open account for material furnished, . . We think the whole record shows this to be correct. . . . "

When the case reached the lower court, the appellee Clem Lumber Company amended its complaint to state a cause of action on an open account for labor and merchandise furnished, to comply with appellant's contention, claiming an indebtedness of $754.23. For this sum, the trial court entered judgment. Defendant's answer admitted the correctness of plaintiff's demand, but attempted to avoid payment by pleading a release in the nature of an accord and satisfaction. When the job was finished, there was owing to many creditors, including appellee, approximately $2,485. Appellee's claim for materials furnished was in the sum of $983.95. It had also advanced the appellant considerable cash. The bank paid off all creditors except appellee. When it got to the point of paying appellee, it had left in its possession from the loan funds the sum of $576.32 and no more, while appellee's debt for cash and materials was in the sum of $1,330.55. All payments made by the bank to creditors, including appellee, had been upon the order of appellant. At the time the bank made the last disbursement of $576.32 to appellee, it demanded of appellee that it make good on its guaranty contract to the bank to hold the premises free from lien. Ap-

pellee complied by giving to the bank a release, acknowledging that it had been paid, and satisfied in full "all lien on the real estate."

The contract which appellee signed with the bank guaranteed the bank and not the appellant against material and labor liens. The evidence discloses that the release was given for the sole purpose of protecting the bank; that the officers of the bank, in making the final payment, did not intend to secure a discharge of appellant's debt to appellee. Appellant was not a party to the release. Appellee in the execution of the release to the bank merely waived its claim of lien.

"An accord and satisfaction has been defined as the settlement of a dispute or the satisfaction of a claim by an executed agreement between the party injuring and the party injured; or, in words more definitely indicating its peculiar nature, it is something of legal value to which the creditor before had no right, but now received in full satisfaction of the debt, without regard to the magnitude of the satisfaction." Annotation: L. R. A. 1915B, 61.

It appears to us from the facts that the release given contains none of the essentials of an accord and satisfaction. Accordingly the judgment is affirmed.

STANFORD, C. J., and MORGAN, J., concur.