275 P.3d 1284

THE PAIN MANAGEMENT CLINIC, P.C., an Arizona corporation dba Arizona Pain Clinic dba Desert Mountain, Plaintiff/Appellant,

v.

Cheri A. PREESE, Defendant/Appellee.

No. 1 CA–CV 10–0835.

Court of Appeals of Arizona, Division 1, Department E.

April 19, 2012.

Quarles & Brady, LLP By Isaac M. Gabriel and Sarah R. Anchors, Phoenix, Attorneys for Appellant.

Mengedoth Law Firm, LLC By Paul B. Mengedoth, Scottsdale, Attorneys for Appellee.

**OPINION**

OROZCO, Judge.

¶ 1 The Pain Management Clinic, P.C. (Pain Management) appeals the superior

court order granting summary judgment in favor of Cheri Preese, claiming the court erred by finding that Pain Management's release of a health care provider lien acted as a waiver of Pain Management's right to payment on the underlying debt. For the reasons set forth herein, we reverse and remand for a determination of contested issues of fact.

## PROCEDURAL AND FACTUAL HISTORY

¶ 2 In 2004, Pain Management provided medical services to Preese after she was involved in a motor vehicle accident. In 2005, Preese filed a lawsuit against persons involved in the accident. Pursuant to Arizona Revised Statutes (A.R.S.) sections 33–931 to 33–936 (2007), Pain Management recorded a health care provider lien (the Lien) against any potential judgment or settlement entered in favor of Preese arising out of the lawsuit. After the jury returned a verdict against Preese in the lawsuit, Pain Management voluntarily recorded a release (the Release) of the Lien.

¶ 3 In 2009, Pain Management filed a breach of contract lawsuit against Preese, claiming it had not been paid for some of the medical services. Thereafter, Pain Management and Preese filed cross-motions for summary judgment. In her motion, Preese claimed that Pain Management waived its right to seek payment for the services when it stated in the Release that the Lien had been "compromised or paid." The superior court accepted Preese's argument and entered summary judgment in her favor.

¶ 4 Pain Management filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. §§ 12–120.21.A.1 (2003) and 12–2101.-A.1 (Supp.2011).[1]

## DISCUSSION

¶ 5 We review the grant of summary judgment de novo for both factual and legal determinations. *Kiley v. Jennings, Strouss & Salmon,* 187 Ariz. 136, 139, 927 P.2d 796, 799

(App.1996). Summary judgment should be granted "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves,* 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). We view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Desert Mountain Props. Ltd. P'ship. v. Liberty Mut. Fire Ins. Co.,* 225 Ariz. 194, 214, ¶ 87, 236 P.3d 421, 441 (App.2010).

¶ 6 In Arizona, health care providers may record a lien for the "customary charges for care and treatment or transportation of an injured person" against a claim by the injured person arising out of the injury. A.R.S. § 33–931.A. The lien is held against any recovery the injured person may receive on the claim. *Id.; Blankenbaker v. Jonovich,* 205 Ariz. 383, 387–88, ¶ 19, 71 P.3d 910, 914–15 (2003). The underlying purpose of a health care provider lien is to "lessen the burden on hospitals and other medical providers imposed by non-paying accident cases." *Id.* at 387, ¶ 19, 71 P.3d at 914 (*quoting LaBombard v. Samaritan Health Sys.,* 195 Ariz. 543, 548, ¶ 18, 991 P.2d 246, 251 (App.1998)). Accordingly, "[t]he provider can always proceed, even in the absence of a lien, against the patient for the value of the services rendered." *Id.* at 388, ¶ 19, 71 P.3d at 915 (*citing Johnson v. Health Care Auth. of the City of Huntsville,* 660 So.2d 1017, 1019 (Ala.Civ.App.1995) (hospital may sue for recovery of medical fees in a direct contract action against patient even in the absence of a valid statutory medical lien)).

¶ 7 In this case, Pain Management recorded the Lien and subsequently released it. In the Release, Pain Management certified that the Lien "is hereby released in full having been compromised or paid." Based on this language, the superior court found that Pain Management had "recorded a complete waiver of all of its claims against the

---

1. We cite the current version of applicable statutes when no revisions material to this decision

have since occurred.

defendant Preese." [2] Accordingly, the court granted summary judgment in favor of Preese.

¶ 8 The superior court erred in finding that the Release waived Pain Management's independent right to demand payment on the underlying debt. We hold that the language in the Release did not constitute a waiver of Pain Management's right to payment on the debt obligation. *See, e.g., Dykes v. Clem Lumber Co.,* 62 Ariz. 181, 182–83, 156 P.2d 406, 406–07 (1945). *See also Mathis v. Liquor Bd.,* 146 Ariz. 570, 574, 707 P.2d 974, 978 (App.1985); *Provident Mut. Building–Loan Ass'n v. Schwertner,* 15 Ariz. 517, 518–19, 140 P. 495, 496 (1914).

¶ 9 In *Dykes,* a supplier held a materialmen's lien against property on which a contractor was working. 62 Ariz. at 182, 156 P.2d at 406. Thereafter, the supplier recorded a release, "acknowledging that it had been paid, and satisfied in full 'all lien on the real estate.'" *Id.* at 182–83, 156 P.2d at 406. The Arizona Supreme Court held that despite the supplier's acknowledgement that it had been paid, the release of the lien did not act to discharge the contractor from the underlying debt obligation or act as a waiver that prevented the supplier from pursuing a breach of contract claim against the contractor. *Id.* at 183, 156 P.2d at 406–07.

¶ 10 The language in Pain Management's Release is similar to the language used in the release in *Dykes.* As in this case, the release in *Dykes* stated the lien had been paid in full when the underlying debt had not, in fact, been paid in full. Our supreme court nevertheless held that the lien holder had not waived its right to seek payment on the underlying debt from the entity that actually incurred the debt, in that case the contractor. The holding in *Dykes* applies here. Thus, the superior court erred by finding that Pain Management's certification in the Release that the lien had been "compromised or paid" acted as a bar to prevent Pain Management

from enforcing its independent right to payment on the underlying debt.

 ¶ 11 The other issues raised by the parties on appeal involve contested issues of fact, which must be resolved by a trier of fact. Such issues include whether Pain Management impliedly waived its right to collect payment through its collection of a $10 copay or failure to collect the full amount at the time of service. In addition, the court should determine whether Pain Management waived its right to collect payment for services provided to Preese by stating in an internal file note that certain charges should be "written off." Finally, if it is determined that Pain Management has the right to collect for any unpaid services, the trier of fact should resolve any disputes regarding the value of those services.

¶ 12 We also leave for the superior court to determine whether Preese's husband was a party or co-defendant. Lastly, we vacate the award of attorney fees and costs awarded below, without prejudice, for the superior court to consider awarding a reasonable sum for attorney fees and costs, including fees and costs incurred on appeal, to the successful party at the completion of the litigation.

### CONCLUSION

¶ 13 For the foregoing reasons, we reverse the order granting summary judgment because, as a matter of law, the release of the Lien did not act to waive Pain Management's right to demand payment on the debt, and we remand for a resolution of the remaining contested issues, consistent with this decision.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and MAURICE PORTLEY, Judge.

---

**2.** On appeal, Preese does not dispute that the release of a health care provider lien, in and of itself, does not waive a health care provider's independent right to assert a breach of contract claim for unpaid medical expenses. Preese contends, however, that "where an obligee to payment takes the further step of adding that the

obligation had 'been paid or compromised' simultaneously with its release," "the payment obligation is extinguished." Thus, Preese argues that the language used in the Release, rather than the Release itself, acted to waive Pain Management's claim on the underlying debt.